Christine J. JOBIN, Trustee of the Bankruptcy Estate of M & L Business Machine Co., Inc., Plaintiff,

v.

RESOLUTION TRUST CORPORATION as Conservator of Capitol Federal Savings and Loan Association of Denver, as Receiver of Capitol Federal Savings and Loan Association of Denver, as Conservator of Capitol Federal Savings and Loan Association, and as Receiver of Capitol Federal Savings and Loan Association, Defendant.

RESOLUTION TRUST CORPORATION, as Receiver of Capitol Federal Savings and Loan Association, Plaintiff,

v.

M & L BUSINESS MACHINE CO., INC., Defendant.

Civ. A. Nos. 92-K-1467, 92-K-1623.

United States District Court, D. Colorado.

July 15, 1993.

Marcia S. Krieger, Englewood, CO, and Maria J. Flora, Denver, CO, for Resolution Trust Corp.

Bonnie A. Bell, Michael E. Katch, Katch, Sender & Wasserman, Christine J. Jobin, Charles F. McVay, Dana M. Arvin, Denver, CO, for Christine Jobin.

## ORDER DENYING MOTION TO QUASH OR MODIFY SUBPOENA

KANE, Senior District Judge.

In this adversary proceeding, the trustee for the estate of M & L Business Machine Co., Christine Jobin ("Trustee"), is suing the Resolution Trust Corporation (RTC), as

conservator and receiver of Capitol Federal Savings and Loan Association and Capitol Federal Savings and Loan Association of Denver, for a determination of the value of Capitol Federal's lien on debtor M & L's assets. The Trustee also hopes to recover certain preferential transfers made to Capitol Federal in connection with M & L's alleged check-kiting and Ponzi scheme.

On or about June 23, 1993, the RTC served a subpoena on the Bank of Boulder,[1] a non-party, seeking production of five categories of documents and records. They are listed in the subpoena as: (1) loan files and disbursement records for "insiders" of M & L and Tel–Cred (a related corporation), (2) loan files and disbursement records for M & L and Tel–Cred, (3) bank statements for M & L and Tel–Cred, (4) written communications or notes of oral communications between the Bank of Boulder and the RTC or Capitol Federal, and (5) transcripts of any depositions taken in any litigation involving the Bank of Boulder and M & L or Tel–Cred. On July 7, 1993, the Bank of Boulder moved to quash or modify the subpoena. The Bank argues that the subpoena violates the Right to Financial Privacy Act, seeks documents subject to work product immunity, is vague and subjects the Bank to undue burden and expense.

## A. *Right to Financial Privacy Act.*

The Bank of Boulder first argues that the RTC's first through third subpoena requests for bank records of M & L, Tel–Cred, and corporate insiders are invalid under the Right to Financial Privacy Act, *see* 12 U.S.C. §§ 3401–22. That law provides that a government authority may not arbitrarily obtain the financial records of customers of a financial institution. Access is limited to defined circumstances. *See id.* § 3402. A customer may authorize disclosure, or the government agency may obtain disclosure by administrative subpoena or summons, search warrant, judicial subpoena or formal written request. *Id.* In each

circumstance, the government must comply with certain additional requirements. *See id.* §§ 3405–08. A financial institution has a statutory duty not to release financial records to the government except as permitted under the Act. *See id.* § 3403(a). Here, the RTC concedes that it has not complied with the Act.

▪ The threshold issue is whether the Act even applies to this case. The Act expressly excepts from its coverage disclosure pursuant to the Federal Rules of Civil Procedure. It states:

> Nothing in this chapter shall apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties.

*Id.* § 3413(e). Several courts have held that " '[n]othing in the Act ... shields the records of a bank customer's transactions from discovery in a civil suit.' " *Sneirson v. Chemical Bank,* 108 F.R.D. 159, 162 (D.Del.1985) (citing *Clayton Brokerage Co. v. Clement,* 87 F.R.D. 569, 571 (D.Md. 1980)).

I think the § 3413(e) exemption applies here, where the RTC seeks information not in the context of an administrative or law enforcement inquiry, but as a defendant in a civil lawsuit. The Act's legislative history provides that it was designed " 'to protect customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity. Therefore, [it] seeks to strike a balance between customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations.' " *Young v. United States Dept. of Justice,* 882 F.2d 633, 636 (2d Cir.1989) (citing House Report). This intent is echoed by the Act's requirement that the government agency, when subpoenaing records, demonstrate that it has "reason to believe that the records sought

---

1. In 1990, the Bank of Boulder made a loan to M & L which enabled M & L to cover delinquent checks drawn on its account with Capitol Federal and eventually to close out that account.

are relevant to a legitimate law enforcement inquiry." *See id.* §§ 3405, 3406.

There is a definitional problem with applying the § 3413(e) exemption, though. This exemption is limited to disclosures made in litigation where the government agency and the customer are parties. Although M & L can be construed as a party to this litigation, Tel–Cred and the individuals named as insiders are not. Nevertheless, I believe the Act was intended to cover these circumstances. The RTC therefore should be permitted this discovery as authorized under the Federal Rules of Civil Procedure.

■ The RTC argues, moreover, that it is entitled to an even broader exemption under the Act. It points to language providing that the Act "shall not apply to the examination by or disclosure to the Resolution Trust Corporation or its employees or agents of financial records or information *in the exercise of its conservatorship, receivership, or liquidation functions with respect to a financial institution.*" *Id.* § 3413(n) (emphasis added). A plain reading of this exception shows that it was meant to cover the situation in which the RTC examines an institution's records as part of its statutory duties; otherwise, the language emphasized above would be superfluous. Here, the RTC is not acting in an investigatory capacity. It is defending an action against an insolvent institution. I do not read this exception as broadly as the RTC does.

■ Finally, assuming that the Act applies to this litigation and to the RTC, a third exception negates the Bank's objection to two of the contested subpoena requests. By its terms, the Act prohibits the disclosure of records of a "customer" of a financial institution. Customers are defined as persons using the services of a financial institution. *Id.* § 3401(5). The term "person" is limited to individuals or a partnership of five or fewer individuals. *Id.* § 3401(4). Thus, the Act applies only to

individuals and small partnerships, not to corporations. *See, e.g. Pittsburgh Nat'l Bank v. United States*, 771 F.2d 73, 75 (3d Cir.1985); *Collins v. Commodity Futures Trading Comm'n*, 737 F.Supp. 1467, 1477 (N.D.Ill.1990). The second and third subpoena requests directed to M & L and Tel–Cred, both corporations, would not be precluded under the Act; those directed to the "insiders" of these corporations would.[2]

## B. *Work Product Immunity.*

■ The Bank of Boulder next claims that the RTC's fifth subpoena request, for copies of deposition transcripts generated in any earlier litigation between the Bank of Boulder and any party related to M & L or Tel–Cred, violates the work product privilege. The Bank of Boulder has not made a prima facie showing that any of the approximately 110 transcripts are clearly protected by the privilege. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) (party asserting work product privilege has burden to show it clearly applies). Nothing indicates that the transcripts contain the mental impressions or thought processes of any attorney. *See Biben v. Card*, 119 F.R.D. 421 (W.D.Mo. 1987) (deposition transcripts not protected by privilege). The motion to quash on the basis of work product privilege is denied.

## C. *Undue Burden and Overbreadth.*

■ The Bank of Boulder also attacks the RTC's request for deposition transcripts and evidence of any written or oral communications as overbroad, vague and oppressive. First, the Bank contends that "[t]he deposition transcripts which the RTC seeks represent a substantial expenditure by the Bank of Boulder in deposing various witnesses and parties and in having the depositions transcribed." Nevertheless, there is no reason why the RTC should not be provided with these transcripts. It appears to be willing to pay a reasonable copying charge.

---

**2.** The Bank of Boulder also asserts that the RTC's request for records of "insiders," as that term is defined under the Bankruptcy Code, *see* 11 U.S.C. § 101(31)(B), is overly vague. Since briefing of this motion, the parties have agreed to a stipulation limiting discovery to several named individuals and entities.

■ Second, the Bank claims that the RTC has made no showing of relevance. I disagree. The RTC is faced with a lawsuit relating to the financial dealings between Capitol Federal and insiders of M & L. The Bank of Boulder funded M & L, enabling it to pay off its debt to Capitol Federal and holds financial information on the company and its insiders. This information is relevant.

■ Finally, the Bank maintains that the RTC's request for records of communications between it and Capitol Federal or the RTC relating to M & L or Tel–Cred "is not specific enough to avoid an unnecessary, burdensome and oppressive effort on the part of the Bank of Boulder to comply." Why? The Bank has not indicated that its records would be too voluminous to search or that any other specific problem complicates its disclosure.[3] I likewise deny the motion to quash or modify this request.

### D. *Conclusion.*

I deny the motion to quash. The RTC's first through third requests are not barred by the Right to Financial Privacy Act because the RTC is seeking this information as a party to civil litigation under the Federal Rules of Civil Procedure. The Bank has not shown that the fourth request, for records of written or oral communications with the RTC or Capitol Federal, is overly burdensome or vague. The RTC's fifth request, for copies of deposition transcripts, is not subject to work product immunity and could lead to the discovery of relevant evidence.

### E. *Protective Order.*

■ In the event of denying this motion to quash, the Bank has requested a protective order barring the use or disclosure of any information obtained directly or indirectly from the use of this subpoena for any purpose other than the instant litigation. Specific reference is made to the names and accounts of other Bank customers which cannot reasonably or efficiently

be redacted from the Bank's records because of the manner in which those records are generated or preserved. The request is reasonable and it is so ordered. The parties are directed to present a stipulated order implementing the rulings made herein and setting forth the specific amounts and methods of payment for the Bank's reasonable costs in complying with the subpoena. Should the parties be unable to agree to these specific terms, either may apply for supplemented orders and the matter will be heard on an expedited basis.

---

**3.** In addition, the RTC has stipulated that this request is limited to the time period of January 1, 1987 to the present.