Alice W. NYE and the Kendall
Company, Plaintiffs,

v.

SAGE PRODUCTS, INC., et
al., Defendants.

No. 81 C 7031.

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1982.

Charles Shifley, Allegretti, Newitt, Witcoff & McAndrews, Chicago, Ill., Paul M. Janicke, John D. Norris, Arnold, White & Durkee, Houston, Tex., for plaintiffs.

Melvin F. Jager, William M. Lee, Jr., Lee, Smith & Jager, Chicago, Ill., for defendants Sage Products, Inc.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This patent suit is before the court on the motion of defendant Sage Products to compel plaintiffs to produce documents which they have withheld from discovery on the grounds of attorney-client privilege. For the reasons stated below, the court grants Sage's motion and enters an order compelling production.

Plaintiff Alice W. Nye holds a patent on a type of commode pan. Plaintiff The Kendall Company is her licensee. Each plaintiff separately employed legal counsel for matters pertaining to Nye's invention and patent. In April 1981, Nye and Kendall jointly retained new counsel for the purpose of planning and prosecuting this infringement action. More than one lawsuit was filed, the first being filed in Texas in September 1981. The present action was filed in December 1981, and the other suits were dismissed in favor of this action.

In January 1982, Sage directed interrogatories and requests to produce to both plaintiffs. Plaintiffs responded, through their

common attorney, producing documents and answering the interrogatories. Plaintiffs withheld some documents generated after they retained their new counsel, however, on the asserted ground of attorney-client privilege. Plaintiffs did not assert privilege with respect to any documents originating before they retained their present counsel, and they apparently produced documents which were privileged by virtue of plaintiffs' relationships with their respective former counsel. Plaintiffs secured no agreement from defendants that such production would not waive privilege with respect to other documents; rather, they simply announced that they asserted privilege as to some documents originating after April 1981, and produced all requested documents from before that time, whether privileged or not.

 Sage has moved for an order compelling production of all requested documents, arguing that plaintiffs have waived privilege, and the court agrees. Production of some privileged documents waives privilege as to all documents of the same subject matter. *Technitrol, Inc. v. Digital Equipment Corp.,* 181 U.S.P.Q. 731 (N.D.Ill.1974).

Plaintiffs respond that subject matter is only one of the parameters by which the extent of waiver is determined. Specifically, plaintiffs quote *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. 1146 (D.S.C. 1975), which states:

> The voluntary waiver by a client, despite a written or oral assertion of limitation, of one or more privileged documents passing between a certain attorney and the client discussing a certain subject waives the privilege as to all communications between the same attorney and the same client on the same subject made *before* the privileged document was voluntarily waived.

*Id.* at 1191 (emphasis in original). Sage replies that *Duplan* does not state the law in this circuit, but in any event *Duplan* is distinguishable, and its reference to "the same attorney" is dictum to the extent it seems to govern the present case. *Duplan* was a large, multi-party action. Many par-

ties with common interests planned common strategies and shared certain documents and information. While recognizing that attorney-client privilege could be waived, the court rejected the argument that one party's waiver of privilege could waive privilege for other aligned parties represented by their own attorneys. *Id.* The court's reference to "the same attorney and the same client" thus was directed to an issue different from the one presented here.

 Contrary to plaintiffs' understanding, disclosure of privileged documents can waive privilege as to the client's communications with other attorneys. In the *Technitrol* case, cited above, Judge McLaren stated:

> Nor does the fact that these documents are from different counsel protect the privilege, since the privilege is the client's and involves the particular subject matter. If the rule were limited to only a particular counsel, a party might get several viewpoints and assert reliance on only one, thus barring an inquiry as to the actuality and reasonableness of that reliance.

181 U.S.P.Q. at 732. The papers submitted on this motion do not demonstrate that plaintiffs' partial disclosure will result in some specific prejudice to defendants, but the possibility of such prejudice does exist. In defining the extent of a party's waiver of the privilege, a court is not required to determine whether the party has gained any particular tactical advantage by its partial disclosure. *B & J Manufacturing Co. v. FMC Corp.,* 21 F.R.Serv.2d 1119, 1120 & n. 1 (N.D.Ill.1975) (Flaum, J.).

 This motion does not appear to present any difficult question regarding the extent of the subject matter as to which plaintiffs have waived privilege. Plaintiffs complied partially with each of the requests for production for which Sage now seeks complete compliance. Plaintiffs have given the court no reason to believe that the scope of their waiver is any narrower than the scope of these requests.

In terms of time, it is not clear just how extensive a waiver Sage is asserting. The court is impressed by the reasoning of *Duplan,* refusing to find a prospective waiver. "To establish a waiver of all later generated privileged documents would effectively disallow the parties from forever thereafter discussing the same subject matter in any other privileged context." 397 F.Supp. at 1191. There may be situations in which a waiver properly is given some prospective effect, but the court sees no reason for holding that plaintiffs waived privilege as to communications occurring after the act of waiver. Plaintiffs apparently produced most of the requested documents on February 22, 1982. (Plaintiffs' response to defendant Sage's first request for production of documents and things, filed March 12, 1982.) A clear cut-off date for plaintiffs' waiver is desirable. *Bowmar Instrument Corp. v. Texas Instruments Inc.,* 196 U.S. P.Q. 199, 201–02 (N.D.Ind.1977). The court therefore holds that plaintiffs have waived attorney-client privilege with respect to documents created before February 22, 1982.

Plaintiffs also argue that many of the documents sought are protected not only by attorney-client privilege, but by the work-product doctrine as well. Two of Sage's waiver cases appear to assume that no separate analysis is necessary as to this ground for withholding documents. *Bowmar,* 196 U.S.P.Q. 199; *Technitrol,* 181 U.S.P.Q. 731. The *Duplan* case, cited by plaintiffs, does suggest that a different analysis is appropriate as to work-product protection.

It is not clear whether any of the documents produced by plaintiffs would have been protected by Rule 26(b)(3), Fed.R. Civ.P. Although Plaintiffs retained their present counsel for litigation purposes, some activity of their previous counsel may have been in anticipation of litigation. Sage has not demonstrated that this is the case, but plaintiffs did not mention the work-product rule in responding to Sage's request to produce. Even if plaintiffs did not disclose any protected attorney work-product, their waiver of privilege still might be held to surrender some of their work-product protection. One goal of waiver is to prevent selective disclosure of attorney materials. This goal could be undermined if parties could waive privilege and still enjoy full work-product protection. In this case plaintiffs retained their present attorneys in anticipation of litigation, and the documents in issue all date from after the present attorneys were retained. Given these circumstances, preserving plaintiffs' work-product protection intact might negate completely the holding that attorney-client privilege has been waived as to documents prepared before February 22, 1982.

The court has considered the competing interests and goals at stake, and holds that plaintiffs need not produce documents prepared for litigation which disclose in a significant way "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 26(b)(3). This sometimes is referred to as "opinion work product," as distinguished from ordinary work product, which includes all material prepared in anticipation of litigation. The court will assume that the possibility of prejudice from plaintiffs' selective production of privileged documents creates the "substantial need" which, under Rule 26(b)(3), must be shown to obtain ordinary work product. If the parties are unable to administer this arrangement, the court will examine representative documents *in camera* to determine whether they constitute opinion work product prepared in anticipation of litigation.

Because plaintiffs did not take the precautions necessary to protect their attorney-client privilege, that privilege has been waived to an extent greater than they may have intended; still, the court's holding respecting work product mitigates the effect of this waiver. The court's order is intended to protect defendants from possible prejudice arising from plaintiffs' selective production of privileged documents, while at the same time not punishing plaintiffs unduly or destroying their ability to litigate their claims fairly.

The court therefore orders plaintiffs to comply fully with Sage's requests for production: Sage's Interrogatory No. 3(c) to Kendall, and Nos. 3(c) and 3(f) to Nye; Sage's Request for Production Nos. 6 and 7; and Attachment A to Sage's Notice of Nye's Deposition. In complying with these requests plaintiffs shall not assert attorney-client privilege with respect to documents created before February 22, 1982. Plaintiffs may withhold work product under Rule 26(b)(3) which discloses "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation."

It is so ordered.