Helen M. MITCHELL, et al., Plaintiffs,

v.

STURM, RUGER & COMPANY,
INC., Defendant.

Civ. A. No. 92–5098.

United States District Court,
E.D. Pennsylvania.

Jan. 28, 1994.

Stephen T. Saltz, Daniels, Saltz, Mongeluzzi & Barrett, Ltd., Philadelphia, PA, for plaintiffs.

Joan A. Yue, Pepper, Hamilton & Scheetz, Philadelphia, PA, for defendant.

## MEMORANDUM

ROBRENO, District Judge.

Defendant has moved to compel the production of documents. For the reasons set forth below, I will grant in part and deny in part defendant's motion.

## I. BACKGROUND

This products liability action arose from the shooting death of Leonard R. Mitchell, Jr. Subsequent to his death, Helen M. Mitchell filed the present complaint as executrix of Mr. Mitchell's estate, as well as on her own behalf as decedent's wife, and as parent and guardian of her three children. The complaint alleges that defendant Sturm, Ruger & Company, Inc., defectively designed and manufactured a gun which the decedent owned and which allegedly accidentally discharged, thereby killing the decedent. In the complaint, plaintiffs further allege that defendant's negligence caused the death.

The decedent's son, Ogden Reid Mitchell, allegedly witnessed the shooting. At the time, he was seven years old. Since this incident, Ogden Reid Mitchell received psychological therapy from Rebecca Vaughan, who at the time was under the supervision of psychologist Reb Brooks, and from psychologist Cary Rothstein. Apparently the parties to this action are unaware of Rebecca Vaughan's present whereabouts. However, plaintiffs' attorney is in possession of notes that the supervising psychologist, Reb Brooks, took concerning Ms. Vaughan's sessions with Ogden Reid Mitchell. Defendant now moves for the production of these documents, which plaintiffs seek to withhold. Upon defendant's request and without objection from plaintiffs, plaintiffs submitted the documents for the Court's *in camera* review.

## II. DISCUSSION

The Court has inspected the five pages of documents that plaintiffs submitted *in camera*. The first page is a consent form that Helen M. Mitchell executed for the release of information from psychologist Reb Brooks to plaintiffs' attorney, and the second page is a transmittal letter from Reb Brooks to plaintiffs' attorney. The final three pages consist of the actual notes that supervising psychologist Reb Brooks generated on the basis of Rebecca Vaughan's therapy sessions with Ogden Reid Mitchell. Defendant seeks disclosure of these documents to the extent that the notes describe the factual circumstances of the decedent's shooting. Defendant does not seek information concerning Ogden Reid Mitchell's emotional or mental condition. *See* Defendant's Motion to Compel (Document No. 13–1) ¶ 14; Defendant's Mem. of Law in Support of Motion to Compel (Document No. 13–3) at 6. Plaintiffs nevertheless contend that these documents are not discoverable both because they are privileged and because they are irrelevant. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...").

In this case, where federal jurisdiction is predicated upon diversity of citizenship, the existence of a privilege and its application are determined in accordance with state law. *See* Fed.R.Evid. 501. Under Pennsylvania law,[1] "[t]he confidential rela-

---

1. "Rule 501 requires a district court exercising diversity jurisdiction to apply the law of privilege which would be applied by the courts of the state in which it sits." *Samuelson v. Susen,* 576 F.2d 546, 549 (3d Cir.1978). Pennsylvania generally employs a flexible "interest analysis" to choice of law issues, under which a court applies the law of the jurisdiction that has the most interest in the problem and that is most intimately concerned with its outcome. *See Coons v. Lawlor,* 804 F.2d 28, 30 (3d Cir.1986); *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796, 805–06 (1964). Here, Ogden Reid Mitchell apparently witnessed the underlying shooting in Pennsylvania. Further, he apparently received his psychological therapy from both Rebecca Vaughan and Cary Rothstein in Pennsylvania. I believe that Pennsylvania courts would apply their own law

tions and communications between a psychologist or psychiatrist and [a] client shall be on the same basis as those provided or prescribed by law between an attorney and client." 42 Pa.Cons.Stat.Ann. § 5944. Pennsylvania law prohibits compelled disclosure of confidential attorney-client communications unless the privilege is waived. *See* 42 Pa. Cons.Stat.Ann. § 5928.

■ Assuming, *arguendo*, that section 5944 applies to the notes summarizing Rebecca Vaughan's therapy sessions with Ogden Reid Mitchell,[2] plaintiffs have already produced to defendant a report from psychologist Dr. Cary Rothstein, who also treated Ogden Reid Mitchell. The Dr. Rothstein report concerns, in part, the subject of the decedent's shooting. Plaintiffs admit that such production was knowing and voluntary, rather than inadvertent. Therefore, plaintiffs have waived the psychologist-client privilege over the subject of the shooting, and plaintiffs may not now selectively assert such privilege. *See Commonwealth v. Kauffman,* 413 Pa.Super. 527, 605 A.2d 1243, 1248 (1992) ("The failure to assert a privilege constitutes a waiver thereof."); *see also ICI Americas Inc. v. John Wanamaker,* Civil Action No. 88–1346, 1989 WL 38647, at *2–3 (E.D.Pa. Apr. 18, 1989) (applying Pennsylvania law for waiver of attorney-client privilege, and distinguishing between inadvertent production of documents and knowingly limited disclosure); *cf. Commonwealth v. El,* 273 Pa.Super. 1, 416 A.2d 1058, 1064 (1979) (disallowing selective assertion of privilege over drug treatment records after intentional disclosure and use of related records).

Moreover, plaintiffs' waiver of the psychologist-client privilege over the subject of the shooting extends to Ogden Reid Mitchell's communications on this subject with psychol-

ogists other than Dr. Rothstein. *See Von Bulow v. von Bulow,* 114 F.R.D. 71, 80 (S.D.N.Y.1987) (applying federal common law) ("Once the client has waived the attorney-client privilege with respect to a subject matter discussed with one attorney, thereby authorizing its disclosure, it would be anomalous to hold that discussions of the same subject matter with another attorney are privileged."), *mandamus granted on other grounds,* 828 F.2d 94, 104 (2d Cir.1987) (directing district court to vacate its order compelling discovery on the grounds that the scope of the subject matter of the waiver as determined by the district court was too broad); *Nye v. Sage Prods., Inc.,* 98 F.R.D. 452, 453 (N.D.Ill.1982) (applying federal common law) ("[D]isclosure of privileged documents can waive privilege as to the client's communications with other attorneys.").

■ Having determined that the notes inspected *in camera* are not shielded by privilege at least to the extent they concern the subject of the decedent's shooting, I further reviewed the documents for relevancy. Fed.R.Civ.P. 26(b). As noted above, the first two pages consist of a consent release form and a transmittal letter from the psychologist's office to plaintiffs' attorney. The final three pages consist of the actual notes of the supervising psychologist, Reb Brooks. I find that portions of these notes are relevant to the present action, in that they describe the shooting. *See* Fed.R.Evid. 401. Therefore, these portions will be produced, and the Court will redact the balance of the notes. Moreover, because portions of the notes are relevant, the release form and the transmittal letter are also relevant and discoverable pursuant to Rule 26(b). Fed.R.Civ.P. 26(b)(1). Of course, at this stage, the Court

of privilege under the facts of this case as the "'predominantly concerned jurisdiction.'" *Samuelson,* 576 F.2d at 551 (quoting *Suchomajcz v. Hummel Chem. Co.,* 524 F.2d 19, 23 (3d Cir. 1975)). Therefore, at least for purposes of this Motion to Compel, I shall apply Pennsylvania's law of privilege. I note, too, that no party has disputed the applicability of Pennsylvania law.

**2.** As a threshold question, defendant challenges Rebecca Vaughan's status as a psychologist within the meaning of 42 Pa.Cons.Stat.Ann. § 5944. Defendant claims that she is a social worker,

rather than a psychologist within the meaning of the statute. Nevertheless, she herself need not have been a licensed psychologist for the privilege to apply if she was providing therapy to the client as part of his treatment under the direction of psychologist Reb Brooks. *See Kalenevitch v. Finger,* 407 Pa.Super. 431, 595 A.2d 1224, 1226–28 (1991) (protecting section 5944 privilege over client's communications with nurse to whom psychologist had delegated duty to provide therapy).

need not decide whether the documents will be admissible at trial. *See id.*

An appropriate Order follows.

#### ORDER

AND NOW, this 28th day of January, 1994, upon consideration of defendant's Motion to Compel Production of Therapist's Records, or, in the Alternative, for an *In Camera* Inspection of Available Records (Document No. 13) and memorandum in support thereof, and upon consideration of plaintiffs' answer to defendant's Motion and memorandum in opposition thereto (Document No. 15), and having previously granted defendant's Motion for an *In Camera* Inspection of Available Records (Document No. 13–2) without objection from plaintiffs, and having thereafter performed an *in camera* inspection of all records submitted by plaintiffs relating to the therapy provided to Ogden Reid Mitchell by Rebecca Vaughan, and for the reasons stated in the accompanying Memorandum of the Court, it is hereby **ORDERED** that:

1. Defendant's Motion to Compel Production of Therapist's Records (Document No. 13–1) is **GRANTED IN PART AND DENIED IN PART.** Fed.R.Civ.P. 26(b); Fed. R.Civ.P. 37(a);

2. The Courtroom Deputy Clerk shall mail to each party a copy of the five pages of documents inspected *in camera,* but with irrelevant portions redacted by the Court. Further, the Court shall file of record **under seal** an unredacted copy of the documents; and

3. The parties shall bear their own expenses incurred in relation to the motion to compel. Fed.R.Civ.P. 37(a)(4).

AND IT IS SO ORDERED.