**Connie Jean COVELL, Plaintiff,**

v.

**CNG TRANSMISSION CORPORATION, Defendant.**

**No. 4:CV–93–1455.**

United States District Court, M.D. Pennsylvania.

Aug. 5, 1994.

Jeffrey C. Dohrmann, Rieders, Travis, Mussina, Humphrey & Harris, Williamsport, PA, for plaintiff.

C. Edward S. Mitchell, Bret J. Southard, Mitchell, Mitchell, Gray & Gallagher, Williamsport, PA, for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

On September 20, 1993, plaintiff Connie Jean Covell initiated this action by filing a complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.Stat.Ann. §§ 951 et seq. Plaintiff alleges that defendant created or allowed to exist, through its employees, a sexually hostile work atmosphere, and that defendant retaliated against plaintiff due to her claims of sexual harassment.

· Among plaintiff's allegations were claims for damages resulting from emotional pain, suffering, mental anguish, humiliation, and loss of enjoyment of life. *See* Complaint ¶¶ 75, 79, 82, 88, 96, 102, and *ad damnum* clause of each count of the complaint. Plaintiff voluntarily withdrew those claims at a later date. Order of Court dated June 6, 1994.

Before the court is a motion by defendant to compel the production of documents. Actually, the order sought by defendant would direct plaintiff to execute an authorization enabling defendant to obtain plaintiff's psychological/psychiatric records.

### DISCUSSION:

#### A. Standard for a Motion to Compel Discovery

A motion to compel discovery is made pursuant to Fed.R.Civ.P. 37(a)(2)(A), which reads in pertinent part: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions...." The records sought by defendant, if discoverable, would fall within the ambit of Rule 26(a)(5). Material is discoverable if it is not privileged and is relevant to the subject matter involved in the pending action. Fed. R.Civ.P. 26(b)(1). "The information sought

need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*[1]

#### B. Pennsylvania Psychotherapist/Patient Privilege

■ In Pennsylvania, a psychologist or psychiatrist is barred by statute from disclosing information acquired from a client in the course of the professional relationship without the written consent of the client. 42 Pa.Cons.Stat.Ann. § 5944. The statute acts as a bar to both testimony and disclosure of records. *Com. v. Smith*, 414 Pa.Super. 208, 606 A.2d 939, 941–942 (1992), *allocatur denied*, 533 Pa. 624, 620 A.2d 490 (1993) (table). However, under Fed.R.Evid. 501, a privilege under state law applies only when state law controls the rule of decision. In this instance, state law does not control because the action is brought pursuant to federal law (Title VII), and so "the privilege of a witness ... shall be governed by the principles of the common law of the United States in the light of reason and experience." Rule 501.

#### C. Federal Rule on Privilege

■ In undertaking analysis of an asserted privilege under Rule 501, a district court must undertake a two-step process, deciding: (1) whether a qualified privilege exists or should exist, and (2) how to apply it to the case at hand. *In re Grand Jury (Granite Purchases)*, 821 F.2d 946, 955 (3d Cir.1987), *cert. denied sub nom. Colafella v. United States*, 484 U.S. 1025, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988). The balancing of interests involved in this analysis requires that the court determine that the privilege is justified under the facts of the case and will be applied only to the extent necessary to achieve its purpose. *Id.* (citations omitted).

■ Defendants point out that three circuits have refused to recognize the existence of a psychologist/patient or psychiatrist/pa-

---

1. Rule 26(b)(1) was amended effective December 1, 1993. The complaint in the instant action was filed on September 20, 1993. The amended version of the Federal Rules of Civil Procedure governs all proceedings commenced after the effective date "and, insofar as just and practica-

ble, all proceedings in civil cases then pending." Order of the Supreme Court of the United States dated April 22, 1993 (amending the Federal Rules of Civil Procedure), at ¶ 2. Amended Rule 26(b)(1) and former Rule 26(b)(1) do not differ in any way material to this motion.

tient privilege. *In re Grand Jury Proceedings,* 867 F.2d 562 (9th Cir.1988), *cert. denied,* 493 U.S. 906, 110 S.Ct. 265, 107 L.Ed.2d 214, *reh'g denied,* 493 U.S. 985, 110 S.Ct. 523, 107 L.Ed.2d 524 (1989); *United States v. Corona,* 849 F.2d 562 (11th Cir. 1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1542, 103 L.Ed.2d 846 (1989); *United States v. Meagher,* 531 F.2d 752 (5th Cir.1976), *cert. denied,* 429 U.S. 853, 97 S.Ct. 146, 50 L.Ed.2d 128 (1976). One circuit has recognized the existence of the privilege, *In re Zuniga,* 714 F.2d 632, 639 (6th Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983), and one circuit has recognized the existence of a limited privilege. *United States v. Diamond (In re Doe),* 964 F.2d 1325 (2d Cir.1992).

In *Diamond,* the Second Circuit first pointed out that there is widespread recognition of a psychotherapist/patient privilege, including forty-nine states. 964 F.2d at 1328. It noted those cases in which federal courts have declined to recognize the privilege, but pointed out that they relied upon a mistaken view that Rule 501 limits development of the common law of privileges. 964 F.2d at 1327, 1328 (citing *Trammel v. United States,* 445 U.S. 40, 47, 100 S.Ct. 906, 910, 63 L.Ed.2d 186 (1980)) (Rule 501 "not intended to freeze the common law," but to allow "flexibility to develop rules of privilege on a case-by-case basis.").

More specifically, the language of Rule 501 dictates that federal courts look to "reason and experience" in developing the law of privilege. 964 F.2d at 1328. Regarding reason, the Second Circuit looked at the importance and highly confidential nature of psychotherapist/patient communications, which "typically involve far more intensely personal information than communications to other kinds of doctors ..." *Id.* Protection of these communications and encouraging people to seek therapy when necessary militate in favor of recognizing the privilege. *Id.*

With regard to experience, the Second Circuit succinctly stated, "The widespread adoption of the privilege strongly suggests that experience with it has been favorable." *Id.*

Having satisfied the language of Rule 501, the Second Circuit recognized the exception, but restricted its application to those cases when "the evidentiary need for the psychiatric history of a witness outweighs the privacy interests of that witness." 964 F.2d at 1328–1329 (citing *In re Zuniga,* 714 F.2d at 639). In other words, "[T]he privilege amounts only to a requirement that a court give consideration to a witness's privacy interests as an important factor to be weighed in the balance in considering the admissibility of psychiatric histories or diagnoses." 964 F.2d at 1329.

In *Siegfried v. City of Easton,* 146 F.R.D. 98, 100–101 (E.D.Pa.1992),[2] the court relied upon *Diamond* and *Doe v. Special Investigations Agency, Inc.,* 779 F.Supp. 21 (E.D.Pa. 1991), and recognized a psychotherapist/patient privilege. To the reasoning of *Diamond,* the court added the reasoning of *Doe* that "the policies underlying the Federal Rules of Civil Procedure favor the narrow construction of privileges in order to encourage full access to information necessary to pursuing or defending against claims made in litigation." *Siegfried,* 146 F.R.D. at 100 (citing *Doe,* 779 F.Supp. at 24). Therefore, the privilege was recognized for the reasons set forth in *Diamond,* but it was limited for the reasons set forth in *Doe.* Like the *Diamond* court, the court in *Siegfried* weighed the evidentiary value of the information sought against the patient's interest in privacy. 146 F.R.D. at 100–101.

We also agree with the reasoning of those courts which have recognized the psychotherapist/patient privilege. The obvious trend in the states is to accept the privilege, and its widespread acceptance underscores its value. The privilege encourages those persons in need of therapy to seek it, without the threat of exposure in legal proceedings. And by limiting the scope of the privilege, the policy of open discovery is not threatened.

---

**2.** Another district court within the Third Circuit recognizing the existence of the psychotherapist/patient privilege is the District of New Jersey. *In re Grand Jury Subpoena (Psychological Treatment Records),* 710 F.Supp. 999 (D.N.J. 1989).

The next step is to apply the privilege to the facts of the instant case; i.e., to weigh the evidentiary value of the information sought against the patient's interest in privacy.

In its motion, defendant sets forth a number of bases for the relevance of this evidence, which may be summarized as: (1) psychological or emotional damages may be attributable to factors other than the alleged discriminatory acts; (2) impeachment; and (3) admissions. Plaintiff properly points out that the question of psychological and emotional damages became moot when plaintiff withdrew her claims for pain, suffering, etc. Also, defendant has no indication that plaintiff has made some sort of an admission which would be reflected in her records, only that she "may have made statements." Motion to Compel Production of Documents at 3, subpar. (d). The records, therefore, are not likely to lead to relevant evidence for either of these reasons.

However, the question of impeachment remains. In *Diamond,* for example, the patient had a history of mental illness, and there were indications that his "interpretation of reality" may have been affected while undergoing treatment. 964 F.2d at 1329. Obviously, this would bring the credibility of the patient as a witness into question.

We also would add that defendant correctly points out in its reply brief that "if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation." *Harris v. Forklift Systems, Inc.,* —— U.S. ——, ——, 114 S.Ct. 367, 370, 126 L.Ed.2d 295, 302 (1993). Reports concerning plaintiff's mental condition might be relevant to her subjective perceptions, and would rebut her contention that the allegedly hostile work environment altered the conditions of her employment.

Because the records in the instant case have not been disclosed, the court is unable to assess their evidentiary value in these regards. We therefore will direct that copies of the records be submitted for *in camera* review by the court for the purpose of weighing the value of information contained there-in for purposes of impeaching the credibility of plaintiff's testimony and rebutting her contention that she subjectively perceived a hostile work environment.

### D. Waiver

Defendant also argues that, in turning over part of her psychiatric records, plaintiff has waived the privilege, but cites only one case, *Mitchell v. Sturm, Ruger & Co., Inc.,* 842 F.Supp. 158 (E.D.Pa.1994), for this proposition. *Mitchell* involved the Pennsylvania statute, § 5944 discussed above, and is inapposite.

Moreover, defendant's argument that waiver should apply because the Pennsylvania privilege is broader than the federal privilege fails because of the nature of the federal privilege. Under § 5944, the patient may refuse to disclose all of the communications with the therapist. The general principle, then, is that the patient has a privacy interest in all communications which outweighs any evidentiary value. The federal privilege applies only to those communications in which the evidentiary value is outweighed by the privacy interest. The obverse of this principle is that privilege will not apply when the evidentiary value outweighs the privacy interest. Disclosure of a communication, then, indicates only that the patient concedes that the evidentiary value of that particular information outweighs the privacy interest in that particular communication, not that the information in general is of such a nature (as would be true when a privilege which applies to all such communications is waived in a particular instance). In other words, the privilege itself is not generalized, and so waiver of the privilege should not be generalized.

\*　　\*　　\*

For all of these reasons, plaintiff will be directed to submit the records sought by defendant for *in camera* inspection by the court. If the court finds that the records contain admissible evidence or information which might reasonably lead to admissible evidence, those portions of the records will be disclosed to defendant. Failure on the part of plaintiff to execute the requisite re-

lease of the records may lead to exclusion of any evidence concerning plaintiff's state of mind, including evidence of her subjective perception of her work environment. An appropriate order shall issue.

## ORDER

For the reasons stated in the accompanying memorandum, IT IS ORDERED THAT:

1. Defendant's motion (record document no. 16) is granted in part and denied in part.

(a) Plaintiff shall not at this time be required to disclose to defendant any of her psychiatric and/or psychological records.

(b) Plaintiff shall submit to the court for *in camera* review by the court her psychiatric and/or psychological records for the purpose of determining whether the psychotherapist/patient privilege applies to the records.

2. Failure of plaintiff to execute the requisite release of the records and to submit them to the court may lead to exclusion at trial of any evidence concerning plaintiff's state of mind, including that necessary to establish her *prima facie* case under Title VII.