**Darlene VASCONCELLOS**

v.

**CYBEX INTERNATIONAL, INC., et al.**

**Darlene VASCONCELLOS, et ux.**

v.

**CYBEX INTERNATIONAL, INC., et al.**

**Civil Nos. WMN–96–4003, WMN–97–173.**

United States District Court, D.Maryland.

April 3, 1997.

---

Miriam L. Azrael, Baltimore, MD, for plaintiff.

Ronald W. Taylor and Venable, Baetjer & Howard, Baltimore, MD, for defendant Cybex International, Inc., John R. Cowin.

Richard T. Sampson and Semmes, Bowen & Semmes, Baltimore, MD, for defendant Lumex Medical Products, Inc.

## MEMORANDUM

NICKERSON, District Judge.

Pending before the Court are Defendant Lumex Medical Products, Inc. ("LMPI")'s Motion to Dismiss (Paper No. 5),[1] and two Motions to Transfer filed by the Defendants, in Civil Action No. WMN–96–4003 (Paper Nos. 7 and 13). Also pending is Plaintiffs' Motion to Quash a subpoena in Civil Action No. WMN–97–173 (Paper No. 1). All of the motions are opposed. Upon a review of the memoranda and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6), that Defendants' Motion to Dismiss will be denied, that Defendants' Motions to Transfer will be granted, and that Plaintiffs' Motion to Quash will be granted.

## I.  BACKGROUND

Darlene Vasconcellos and her husband are Maryland residents. They are both Plaintiffs in a lawsuit pending in the Eastern District of New York ("the New York lawsuit"). Ms. Vasconcellos is the sole plaintiff in a lawsuit that was originally filed in the Circuit Court for Howard County, Maryland, and was subsequently removed to this Court (Civil Action No. WMN–96–4003, "the Maryland lawsuit"). Civil Action No. WMN–97–173 is a miscellaneous matter seeking the quashing of a subpoena filed in the New York lawsuit and directed to Dr. Beth Wadman, Ms. Vasconcellos's psychiatrist, who resides in Maryland.

The New York lawsuit brings a number of counts under federal and state law for sexual harassment, including a count for loss of consortium. The Maryland lawsuit involves the same parties and arises out of the same facts, but seeks recovery on the limited grounds of alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

In April 1996, a company which was based in Bayshore, New York, and was known as Lumex, Inc., became two different companies. Defendant Cybex International, Inc., arose out of what used to be Lumex, Inc., when the Lumex Division of Lumex, Inc., in which Ms. Vasconcellos had been employed since 1993, spun off to become Lumex Medical Products, Inc. ("LMPI"). Thus, Ms. Vasconcellos alleges that she was employed by what is now Cybex International, Inc. until on or about April 3, 1996, when she became an employee of LMPI.

Ms. Vasconcellos contends that she was assaulted by a co-worker, Thomas Castles, in the course of her employment with Cybex, while attending an off-site company meeting in Houston, Texas on or about January 30, 1996. Ms. Vasconcellos asserts that as a result of this assault, she required immediate medical attention for a serious health condition which rendered her unable to perform the functions of her job for a period of more than three days. She requested medical leave from Cybex human relations director Sophie Cardone on January 31, 1996, and from Cybex president, Defendant John R. Cowin, on February 1, 1996, but both of these requests were denied. Later in the day on February 1, Ms. Vasconcellos's imme-

---

1. Defendant's John Cowin and Cybex International, Inc., separately joined in LMPI's Motion to Dismiss for failure to state a claim on which relief may be granted. Paper Nos. 8,9. Defendant John R. Cowin's Motion to Dismiss (Paper No. 8) on the grounds of insufficiency of process was rendered moot by the filing of a return of service as to Cowin by Plaintiff. Paper No. 16.

diate supervisor, Eugene Ryan, acceded to her request for leave, giving her permission to return home to Maryland to seek treatment.

Ms. Vasconcellos alleges that her leave commenced on February 5, 1996 and continued for the statutory 12 week period, through May 5, 1996. On April 3, 1996, the above-described changes in company structure took place. Ms. Vasconcellos alleges that she became an employee of LMPI on April 3, 1996, but that LMPI ceased communications with her and denied her benefits to which she was entitled, in violation of the FMLA. Ms. Vasconcellos further alleges that, on April 18, 1996, she "involuntarily resigned" her employment with LMPI effective May 5, 1996.

On May 20, 1996, Plaintiffs filed suit against Lumex, Inc. (now Cybex), Thomas Castles, John R. Cowin, Arnold Feldman, and LMPI, in the Eastern District of New York. Paper No. 15, Ex. 1 at 2. The New York lawsuit contained eight counts which included three counts of violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII); two counts of violations of the New York State Human Rights Law, N.Y. Exec. L. § 296; and counts for common law assault, intentional infliction of emotional distress, and loss of consortium. Paper No. 7, Ex. A at i-ii.

On October 15, 1996, Defendants moved to have the New York lawsuit dismissed primarily on the grounds that Ms. Vasconcellos's notice of right to sue from the Equal Employment Opportunities Commission (EEOC) was inadequate. Paper No. 19, Ex. C at i. Defendants also asserted that dismissal of the Title VII counts would divest the New York federal court of jurisdiction over Plaintiffs' remaining state law claims. *Id.* Plaintiffs pointed out, in their opposition to the motion, that the state law claims would survive under the court's diversity jurisdiction because the prerequisites for diversity jurisdiction were pled in the complaint. Paper No. 19, Ex. D. The New York court has not yet ruled on Defendants' motion. Discovery in that action was not stayed pending a ruling on the motion to dismiss, however.

Discovery in the New York lawsuit is scheduled to conclude on May 30, 1997. Paper No. 19, Ex. E.

Ms. Vasconcellos filed the Maryland lawsuit in the Circuit Court for Howard County on or about November 25, 1996. On December 23, 1996, the action was removed to this Court by the Defendants. The instant lawsuit alleges violations of the FMLA in that Ms. Vasconcellos's requests for leave were initially denied by Defendants Cybex and Cowin. Moreover, Ms. Vasconcellos alleges that LMPI violated the FMLA by denying her promised salary and benefits during the period of her leave. Finally, Ms. Vasconcellos alleges that she was constructively discharged in retaliation for exercising her rights under the FMLA. Paper No. 3 at 14–16.

All of the Defendants move to dismiss on the grounds of failure to state a claim on which relief can be granted. Defendants argue that Ms. Vasconcellos has not alleged that she suffered from a serious health condition so as to be entitled to relief under the FMLA. They also argue that Cybex's alleged initial denial of her requests for leave were rendered moot by the fact that she was subsequently granted leave by Cybex. Finally, Defendants assert that the FMLA does not guarantee the right to compensation.

Defendants also seek to have the instant lawsuit transferred to the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a). They argue for such a transfer in the interest of the convenience of the parties and witnesses, all of whom, other than Mr. and Ms. Vasconcellos, reside in New York. They also argue that such a transfer would be in the interest of justice given the pendency of the New York lawsuit involving the same parties and arising from a nucleus of common facts.

Finally, Plaintiffs seek to quash a subpoena, served on Dr. Beth Wadman in the New York lawsuit, on the grounds of the psychotherapist-patient privilege. Defendants assert that Ms. Vasconcellos has waived that privilege by putting her mental condition in issue.

## II. LEGAL STANDARDS

Defendants seek to dismiss the instant lawsuit pursuant to Fed.R.Civ.P. 12(b)(6). A motion made pursuant to Fed.R.Civ.P. 12(b)(6) allows a claim to be dismissed for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the statement of the claim. *Chertkof v. Mayor & City Council of Baltimore,* 497 F.Supp. 1252, 1258 (D.Md.1980). The standard for a motion to dismiss is well known: a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Faulkner Advertising Assoc. v. Nissan Motor Corp.,* 905 F.2d 769, 771–72 (4th Cir.1990). For the purposes of ruling on a motion under Rule 12(b)(6), the Court must accept the allegations contained in the complaint as true, and must liberally construe the complaint as a whole. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Finlator v. Powers,* 902 F.2d 1158 (4th Cir.1990).

■ A motion to transfer pursuant to 28 U.S.C. § 1404(a) requires the Court to find that the action could have been brought in the transferee court, and that the transfer is for the convenience of the parties and witnesses and promotes the interest of justice. 28 U.S.C. § 1404(a). The Court has discretion to decide whether to transfer the case, taking into account considerations of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988).

■ Rule 45 requires the court to quash a subpoena if the subpoena requires disclosure of privileged matter to which no exception or waiver applies, or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A). District courts have broad discretion in resolving discovery disputes. *Mylan Labs. Inc. v. Akzo, N.V.,* 2 F.3d 56, 64 (4th Cir.1993).

With these principles in mind, the Court will address the arguments presented by the parties.

## III. DISCUSSION

### A. Motion to Dismiss

The FMLA entitles eligible employees to 12 work weeks of leave when the employee suffers from a "serious health condition." 29 U.S.C. § 2612(a)(1)(D). The statute defines the term "serious health condition" as "an illness, injury impairment, or physical or mental condition that involves inpatient care in a hospital, hospice or residential medical facility; or continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Defendants assert that Plaintiffs' Complaint fails to state a claim under the FMLA because the complaint does not describe what, if any, "continuing treatment by a health care provider" Ms. Vasconcellos received. Defendants cite two cases, both of which were rulings on motions for summary judgment, and which, therefore, do not provide support for the pleading requirement Defendants seek to impose.

■ Rule 8 requires that a federal complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement of claim is sufficient if "a plaintiff colorably states facts which, if proven, would entitle him to relief." *Adams v. Bain,* 697 F.2d 1213, 1216 (4th Cir.1982).

■ Ms. Vasconcellos alleges in her Complaint that "Defendants ... denied her requests for leave for a serious health condition...." Complaint at ¶ 1. Ms. Vasconcellos further states that

[a]s a result of the [January 30, 1996] assault and other episodes of sexual harassment by her immediate supervisors, Plaintiff, on or about January 30, 1996, required immediate medical attention for a serious health condition. This condition affected her mental and physical health and rendered her unable to perform the functions of her job for a prolonged period of time, more than 3 days.

Complaint at ¶ 35. Ms. Vasconcellos alleges that the symptoms of her serious health condition included the following:

shock, tremors, panic attacks, rapid heartbeat and heart palpitations, severe chest

706

pain, inability to breathe, fright, nervousness, hypervigilence, jumpiness, crying spells, fatigue, gastrointestinal distress, stomach upset, nausia [sic], insomnia, flashbacks, and other multiple symptoms consistent with a serious health condition. Complaint at ¶ 37. Ms. Vasconcellos further alleges that because of her serious health condition she was entitled to 12 weeks of leave, and that she had fulfilled all of the preconditions for filing an action under the FMLA. Complaint at ¶¶ 83, 85.

The legislative history to the FMLA gives examples of "serious health conditions" which include "severe nervous disorders." H.R.Rep. No. 8, 103rd Cong., 1st Sess., pt. 1 at 29 (1993), *cited in Seidle v. Provident Mut. Life Ins. Co.*, 871 F.Supp. 238, 242 (E.D.Pa.1994). The facts alleged in the Complaint are suggestive of a severe nervous disorder. Liberally construing the Complaint as a whole, then, Defendants received sufficient notice of Ms. Vasconcellos's claim of a serious health condition under the liberal federal pleading rules to withstand the instant motion.

■ Defendants' second argument for dismissal of the Complaint is that the alleged FMLA violations were rendered moot by the subsequent grant of leave and the fact that Ms. Vasconcellos received 12 weeks of leave. Plaintiff counters that the original denials are still actionable in keeping with the purpose of the statute.

The statute makes it unlawful for an employer to deny leave to an eligible employee. 29 U.S.C. § 2615(a)(1). Moreover, it is clear under the facts alleged that Plaintiff suffered legal injury as a result of Defendants' actions. Plaintiff alleges that she was constructively discharged when she "involuntarily resigned" her position on April 18. Viewing the Complaint in the light most favorable to Plaintiff, Plaintiff's job was not protected during the period of her leave. Therefore, Defendants actions were the type Congress sought to address through the FMLA when it found that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). Similarly, Defendants'

alleged actions violated the requirement that an employee be restored to the same or a substantially similar position at the end of the period of leave. 29 U.S.C. § 2614(a)(1). Thus, Defendants' motion will be denied.

Finally, Defendants argue in a footnote that Plaintiff's Complaint additionally fails to state a claim because the FMLA does not guarantee leave with pay. Plaintiff counters that while the FMLA may not provide a guarantee of paid leave, the statute does provide a remedy to employees whose promised benefits are taken away because the employees exercised their rights under the statute.

The FMLA allows the employer and the employee to determine whether the leave will be paid or unpaid. The federal law states that "[i]f an employer provides paid leave for fewer than 12 workweeks, the additional weeks of leave necessary to attain the 12 workweeks of leave required under this subchapter may be provided without compensation." 29 U.S.C. § 2612(d)(1). Where an employer provides paid leave, an employee may elect, or an employer may require, that an employee use his or her paid leave for all or part of the 12 weeks of leave. 29 U.S.C. § 2612(d)(2)(A). Moreover, an employer who violates the FMLA shall be liable for damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). Therefore, Defendants' motion to dismiss the complaint will be denied.

**B. Motion to Transfer**

■ Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In ruling on a motion brought pursuant to 28 U.S.C. § 1404(a), a court must first determine whether venue is proper in the proposed transferee court and whether the defendants are subject to personal jurisdiction in the transferee forum. *Volkswagen De Mexico v. Germanischer Lloyd*, 768 F.Supp. 1023 (S.D.N.Y.1991).

The federal venue statute provides that in a civil action where jurisdiction is not based solely on diversity, venue is proper in a judicial district where any defendant resides, a judicial district where a substantial part of the acts or omissions giving rise to the lawsuit occurred, or, if neither of the first two are possible, then in a judicial district in which any of the defendants may be found. 28 U.S.C. § 1391(b). In the instant case, all of the Defendants reside in the State of New York, so venue is proper in any district in New York where any of the Defendants reside. Cybex and LMPI "reside" in Bayshore which is located in the Eastern District of New York because that is where their headquarters are located. 28 U.S.C. § 1391(c). Moreover, a substantial part of the events giving rise to the lawsuit occurred at these headquarters, giving further support for the Eastern District of New York being a proper venue for this action. Because all of the Defendants in the instant lawsuit are citizens of the State of New York, they are also all subject to personal jurisdiction in the transferee forum.[2]

In *Willoughby v. Potomac Elec. Power Co.*, 853 F.Supp. 174, 176 (D.Md.1994), the court stated that where the Defendant resides in another district, the claims giving rise to the litigation arose in that other district, and most if not all of the witnesses to the alleged misconduct reside or work in the other district, courts routinely order the transfer. Here, all of the Defendants reside in New York as do all of the witnesses, other than Ms. Vasconcellos and her husband. Moreover, most of the relevant documentary evidence is presumably housed at the companies' headquarters in the Eastern District of New York.

The Court's interest in conserving judicial resources is also served by transferring this case given the pendency of the New York lawsuit. Although the legal issues are different between the two lawsuits, the facts underlying the various legal claims overlap substantially. It does not make sense for two different courts to hear the same evidence when one court could rule on both cases more efficiently.

Finally, Plaintiff argues against the transfer on the grounds that the New York lawsuit is the subject of a pending motion to dismiss, the granting of which would cause the instant lawsuit, if transferred to New York, to be "stranded" there. But as Defendants point out, the pending motion to dismiss, even if granted, would not have the effect of dismissing the entire New York lawsuit. Therefore, Defendants' motion to transfer will be granted.

## C. Motion to Quash

As part of discovery in the New York action, Brian Edwards, counsel for Defendant LMPI, had a subpoena issued in this district on December 23, 1996, for Beth Wadman, M.D. Dr. Wadman has been Ms. Vasconcellos's treating psychiatrist since shortly after the assault which gave rise to these lawsuits. Dr. Wadman's office is located in Baltimore, Maryland. The subpoena required Dr. Wadman to produce any and all documents pertaining to Dr. Wadman's treatment of Ms. Vasconcellos and meeting the following description:

> medical or psychological histories; admission histories; psychological data bases; laboratory results; discharge summaries; psychological evaluations; social histories; initial clinical assessments; consultation records; treatment plans and updates; doctor and medical staff notes; telephone messages; billing and payment information; and all other similar documents.

Paper No. 1, Ex. 1.

The psychotherapist-patient privilege was recently recognized by the Supreme Court in *Jaffee v. Redmond*, —— U.S. ——, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The Supreme Court there stated that

> Effective psychotherapy [ ] depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because

---

**2.** By contrast, Plaintiff has not conclusively established that all of the Defendants are subject to personal jurisdiction in this Court. For example,

regarding Defendant John R. Cowin, Plaintiff's Complaint simply states that he is a citizen of the State of New York.

of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment.... The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance.

— U.S. at ——–——, 116 S.Ct. at 1928–29.

After adopting the psychotherapist-patient privilege, the Court in *Jaffee* stated that, like other testimonial privileges, the privilege could be waived by the patient. *Id.* at —— n. 14, 116 S.Ct. at 1931 n. 14. The Court also stated that the new federal privilege would have to be developed on a case-by-case basis and that the *Jaffee* Court did not intend to delineate the full contours of the privilege in that decision.

A number of federal courts, considering the question prior to the *Jaffee* decision, have explained that the psychotherapist privilege can be waived by a party who puts his or her mental state or condition at issue in the lawsuit as an element of a claim or defense. *See, e.g., Maynard v. City of San Jose,* 37 F.3d 1396, 1402 (9th Cir.1994) (relying on California law); *Rohda v. Franklin Life Ins. Co.,* 689 F.Supp. 1034, 1043 (D.Colo.1988) (applying Colorado law).

In *Dixon v. City of Lawton,* 898 F.2d 1443, 1450 (10th Cir.1990), the court applied federal common law, referring to Model Rule 504 which had been proposed by the Judicial Conference Advisory Committee on Rules of Evidence and the Supreme Court but was not enacted by Congress. Model Rule 504 would have created a psychotherapist-patient privilege as well as an exception to that privilege where the party claiming the privilege was relying on his mental or emotional condition as an element of his claim or defense. 56 F.R.D. 183, 240–44 (1972), *cited at,* 898 F.2d at 1450. In rejecting the proposed

Model Rule 504, and the other proposed federal privileges, in favor of the more open-ended Federal Rule of Evidence 501, the Senate Judiciary Committee explicitly stated that its action "should not be understood as disapproving any recognition of a psychiatrist-patient ... privileg[e] contained in the [proposed] rules." S.Rep. No. 93–1277, at 13, U.S.Code Cong. & Admin.News 1974, pp. 7051, 7059, *as quoted in Jaffee,* —— U.S. at ——–——, 116 S.Ct. at 1930–31. Presumably, the rejection of Model Rule 504 similarly did not signify a disapproval of the exceptions to the privilege specified in that model rule.

In *Sarko v. Penn–Del Directory Co.,* 170 F.R.D. 127 (E.D.Pa.1997), apparently the only post-*Jaffee* case as yet to discuss this issue, the Pennsylvania court found that an employment discrimination plaintiff had waived the federal common law psychotherapist privilege recognized in *Jaffee* by placing her mental state at issue in the lawsuit. Sarko alleged that she was entitled to relief under the Americans with Disabilities Act because of her clinical depression.

In the instant case, Ms. Vasconcellos states that she sustained "emotional injuries" as a result of the wrongful conduct alleged in the Complaint. Complaint at ¶ 49. She states that the sexual harassment she experienced caused her "severe emotional distress." Complaint at ¶ 68. Plaintiffs have further placed Ms. Vasconcellos's mental state in issue in this lawsuit by including a claim for intentional infliction of emotional distress which has as an element of the prima facie case that the plaintiff suffered severe emotional distress. Complaint at ¶ 135. Moreover, Plaintiffs' complaint makes clear that a large portion of the requested damages arise out of Ms. Vasconcellos's claims that she suffered emotional distress as a result of the challenged actions. Complaint at 37–39.

■ On the other hand, Ms. Vasconcellos has raised serious concerns that the disclosures will adversely affect her psychiatric treatment by destroying the confidentiality of her relationship with Dr. Wadman. Affidavit of Ms. Vasconcellos, attached to Paper No. 4. In light of the important public policy behind

the existence of the psychotherapist privilege, this is still an important consideration to the Court, even if Ms. Vasconcellos has placed her mental state at issue.

█ Moreover, Ms. Vasconcellos has a right to have discovery limited to information that is directly relevant to the lawsuit. The request for documents contained in the current subpoena is too broad. *See Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 223 (S.D.N.Y.1994) ("although the defendants will be permitted to inquire into plaintiff's personal histories, it must be emphasized that defendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of emotional distress. In other words, the scope of the inquiry must be limited to whether, and to what extent, the alleged harassment caused plaintiffs to suffer emotional harm.")

Therefore, the motion to quash will be granted. Ms. Vasconcellos has the option of filing an amended complaint that withdraws the claim for intentional infliction of emotional distress, as well as the requested damages for emotional distress in the other counts. *See Covell v. CNG Transmission Corp.*, 863 F.Supp. 202, 206 (M.D.Pa.1994) (defendants claim that privilege was waived when mental state was placed in issue was rendered moot by plaintiff's withdrawal of claims for emotional pain and mental anguish). Defendants also have other, less intrusive means by which they may obtain much of the information they seek. For example, Ms. Vasconcellos has volunteered to undergo a psychiatric evaluation under appropriate circumstances. Ms. Vasconcellos's Affidavit at ¶ 15.

█ Because the Court finds that Ms. Vasconcellos has placed her mental condition at issue, however, Defendants may also bring a new subpoena, if they can show cause as to why such an intrusion into the therapeutic relationship is the only possible means to obtain relevant information. Such a new subpoena must be much more narrowly-tailored in order to avoid any greater infringement than is necessary on Ms. Vasconcellos's confidential relationship with Dr. Wadman.

## IV. CONCLUSION

For all the above-stated reasons, the motion to dismiss the complaint will be denied. The motions to transfer the case to the Eastern District of New York will be granted. The motion to quash the subpoena in the New York lawsuit will be granted. A separate order will issue.

## ORDER

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this 3rd day of April, 1997, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant Lumex Medical Products, Inc.'s Motion to Dismiss (Civil Action No. WMN–96–4003, Paper No. 5) is DENIED;

2. That Defendant John R. Corwin's Motion to Dismiss (Civil Action No. WMN–96–4003, Paper No. 8) is DENIED AS MOOT;

3. That the Motion to Transfer filed by Defendant Cybex International, Inc. (Civil Action No. WMN–96–4003, Paper No. 7) and the Motion to Transfer filed by Defendant Lumex Medical Products, Inc. (Civil Action No. WMN–96–4003, Paper No. 13) are GRANTED;

4. That the Clerk of the Court shall TRANSFER Civil Action No. WMN–96–4003 to the Eastern District of New York;

5. That Plaintiffs' Motion to Quash (Civil Action No. WMN–97–173, Paper No. 1) is GRANTED;

6. That the Clerk of the Court shall CLOSE Civil Action No. WMN–97–173; and

7. That the Clerk of the Court shall MAIL copies of the foregoing Memorandum and this Order to all counsel of record.