**UNITED STATES of America, Plaintiff,**

v.

**Richard HAWORTH, et al., Defendants.**

**No. CR 95–491–LH.**

United States District Court,
D. New Mexico.

Sept. 13, 1996.

---

Elizabeth Martinez and Robert Kimball, U.S. Attorney's Office, District of New Mexico, Albuquerque, NM, for Plaintiff.

Michael V. Davis, Marc H. Robert, Billy R. Blackburn, Paul J. Kennedy, Peter Schoenburg, Serapio L. Jaramillo, Floyd W. Lopez, Edward O. Bustamante, Roberto Albertorio, E. Justin Pennington, Albuquerque, NM, for Defendants.

## ORDER REGARDING DISCLOSURE OF MAXIMINO BACA'S PSYCHOLOGICAL AND MEDICAL RECORDS

HANSEN, District Judge.

**THIS MATTER** comes before the Court in follow-up to the Court's Order Granting Defendant Haworth's Motion for Issuance of Rule 17(c) Subpoenas and Defendant Gregory's Motion for Pretrial Production (Docket No. 780). In response to the subpoenas which that order directed to be issued, the Court received Dr. David Landau's records regarding Maximino Baca. The Court did not receive any other records. After reviewing the records *in camera*, as well as the applicable law, the Court concludes that the records are privileged and not subject to discovery.

In *Jaffee v. Redmond*, —— U.S. ——, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." —— U.S. at ——, 116 S.Ct. at 1931. Defendants Haworth and Gregory argue that their 6th Amendment rights of confrontation require an exception to the privilege recognized in *Jaffee.* The Court disagrees.

Defendants made arguments similar to Haworth's and Gregory's arguments in *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). In *Davis,* the defendant wanted to cross-examine a juvenile witness with evidence of the witness's status as a probationer in order to suggest that the witness felt compelled to cooperate with law enforcement officers in identifying the defendant in a lineup. The trial court refused to permit the defendant to use evidence of the witness's conviction and probation because Alaska court rules required juvenile records to be kept confidential. The Supreme Court reversed the defendant's conviction, stating:

> In this setting we conclude that the right of confrontation is paramount to the State's policy of protecting a juvenile offender. Whatever temporary embarrassment might result to Green or his family by disclosure of his juvenile record—if the prosecution insisted on using him to make its case—is outweighed by petitioner's right to probe into the influence of possible bias in the testimony of a crucial identification witness.

*Id.* at 319, 94 S.Ct. at 1112. Thus, where defense counsel already had the evidence with which to impeach the witness, the defendant's confrontation rights compelled the trial court to permit defense counsel to use the evidence.

In *Ritchie,* a plurality of the Court made it clear that a defendant's right to confrontation does not *per se* compel disclosure of confidential documents. In that case, the defendant, who was charged with raping his daughter, sought to discover the contents of a protective service agency's file regarding its investigation into the daughter's allegations. By statute, such files are confidential. Relying on *Davis,* the defendant argued that his confrontation rights were violated because he could not use the files in cross-examining his daughter. The plurality held that the right of confrontation is not implicated by the withholding of confidential information. Rather, the right is implicated only when the trial court limits the scope or nature of cross-examination. *Pennsylvania v. Ritchie,* 480 U.S. 39, 54, 107 S.Ct. 989, 999–1000, 94 L.Ed.2d 40 (1987) (per Powell, White, and O'Connor, JJ., and Rehnquist, C.J.). In *Ritchie,* the trial court had permitted the defendant to cross-examine his daughter fully.

662

The situation in the present case is similar to that described in *Ritchie*. Defendants Haworth and Gregory mistakenly equate their confrontation rights with a right to discover information that is clearly privileged. Defendants' confrontation rights permit them to cross-examine Maximino Baca fully regarding his treatment by Dr. Landau. They will not, however, have the benefit of Dr. Landau's treatment records.

**IT IS, THEREFORE, ORDERED** that Dr. David Landau's records regarding his treatment of Maximino Baca will not be disclosed.