**UNITED STATES of America, Plaintiff,**

v.

**Linda Daneen Armstrong HANSEN, Defendant.**

**No. CR–96–35–GF–DWM.**

United States District Court,
D. Montana,
Great Falls Division.

Decided Feb. 28, 1997.

Terry A. Wallace, Wallace Law Office, Missoula, MT, Anthony R. Gallagher, Federal Defenders of Montana—Great Falls Branch, Great Falls, MT, for Hansen.

Lori A. Harper, Office of the U.S. Attorney, Great Falls, MT, for U.S.

### OPINION AND ORDER

MOLLOY, District Judge.

The defendant has moved pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for a subpoena duces tecum ordering psychiatrist Dudley Dana to produce the treatment records of Richard Well Off Man, the deceased victim of the crime alleged in the Indictment. On February 19, 1997, I denied that request because the defendant had not addressed the issue of whether the materials were protected by the psychotherapist-patient privilege announced in *Jaffee v. Redmond,* —— U.S. ——, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). On February 20, 1997, the defendant renewed her motion, supported by a brief on the *Jaffee* issue. Upon consideration of the matter, I now GRANT the defendant's motion, for the following reasons.

Under Rule 401 of the Federal Rules of Evidence, federal common law governs the existence of evidentiary privileges. In *Jaffee,* the Supreme Court recognized for the first time that a psychotherapist-patient privilege exists. The Court did not attempt to flesh out the full contours of the privilege. Instead, it preferred to let them be developed in specific cases. *Jaffee,* —— U.S. at ——, 116 S.Ct. at 1932.

Here, the defendant argues that the *Jaffee* privilege does not apply, because no

one has asserted it on behalf of Mr. Well Off Man. I disagree. The defendant reports that Dr. Dana has refused to produce the documents unless ordered by a court to do so. This appears to be an assertion of the privilege on behalf of his former patient. Most jurisdictions allow a psychotherapist to assert the privilege on behalf of a patient. *See, e.g.,* Ala. R. Ev. Rule 503(c); Fla. Stat. Ann. § 90.503(3)(d); Haw.Rev.Stat. § 626–1, R. 504.1(c); N.J. R. Ev. Rule 505; Okla. Stat. Ann. tit. 12, § 2503(C); Ore.Rev.Stat. § 40.230 Rule 504(3)(d).

The defendant cites *United States v. Schlette,* 842 F.2d 1574, 1583 n. 5 (9th Cir. 1988) for the proposition that only the personal representative of Mr. Well Off Man would have standing to assert the privilege. *Schlette,* however, is distinguishable from the present case, because in that case the privileged material was contained in a pre-sentence report, and disclosure was sought directly from the court. The psychotherapist was not directly involved, so no question arose of whether he could assert the privilege.

■ In my view a psychotherapist has standing to assert the privilege on behalf of a deceased patient. I find that the privilege has been asserted in this case. The next question is whether the material is nevertheless discoverable. In *Jaffee,* the Court found that the important public and private interests underlying the privilege outweighed the "modest" evidentiary benefit that would likely result from denial of the privilege. *Jaffee,* — U.S. at ——, 116 S.Ct. at 1929. Here, in contrast, the likely evidentiary benefit is great: The defendant is charged with homicide and faces a possible loss of liberty. The mental and emotional condition of the deceased is a central element of her claim of self-defense. The holder of the privilege has little private interest in preventing disclosure, because he is dead. The public does have an interest in preventing disclosure, since persons in need of therapy may be less likely to seek help if they fear their most personal thoughts will be revealed, even after their death. *See Jaffee,* — U.S. at —— – ——, 116 S.Ct. at 1928–29. However, I find that the defendant's need for the privileged material outweighs this interest.

This ruling is consistent with the approach taken by the states, most of which allow for disclosure of privileged information under the facts presented here. Several states specifically authorize psychotherapists to release information after the patient's death if the patient's mental or emotional condition is an element of a claim or defense. *See, e.g.,* Haw.Rev.Stat. § 626–1, R. 504.1(c); Okla. Stat. Ann. tit. 12, § 2503(D)(3); Ore.Rev. Stat. § 40.230 Rule 504(4)(b)(B); Wis Stat. Ann. § 905.04(4)(c) (also providing an exception for all homicide trials); *see also* 56 F.R.D. 183, 241 (proposed federal rule of evidence codifying the privilege). It is also consistent with the *Jaffee* Court's intent that the precise contours of the privilege be developed in specific cases. *Jaffee,* — U.S. at ——, 116 S.Ct. at 1932; *see also United States v. Haworth,* 168 F.R.D. 660 (D.New Mexico 1996) (Confrontation Clause does not require access to psychiatric records of prosecution witnesses).

Accordingly, it is hereby ORDERED that a subpoena duces tecum shall issue, to be served by agents of the Federal Defenders of Montana, commanding Dr. Dudley Dana to produce any and all treatment records of Richard Well Off Man, d.o.b. May 14, 1948, formerly of Missoula, Montana. Production shall be made no later than March 3, 1997, at a time and place to be determined by the Federal Defenders of Montana.