NORRIS MANUFACTURING COMPA-
NY, a corporation of the State of
New Jersey

v.

R. E. DARLING CO., Inc., a corporation
of the State of Maryland.

Civ. No. 12860.

United States District Court
D. Maryland.

Dec. 5, 1961.

---

Joseph Sherbow and Paul F. Due, Baltimore, Md., for plaintiff.

Benjamin C. Howard, Baltimore, Md., and James P. Donovan, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Plaintiff has served notice that it will take depositions under Rule 30, F.R.Civ. P., 28 U.S.C.A., of three private investigators employed by defendant or its attorneys, and has caused to be issued subpoenas duces tecum addressed to the witnesses requiring them to bring to the deposition all reports and other writings associated with the investigations they conducted of plaintiff's agents, servants and employees in connection with the litigation pending in this court.

Defendant has moved under Rule 45 (b) to quash the subpoenas duces tecum on the grounds: (1) that the investigators conducted their investigations "at the behest of and while acting for counsel for defendant", so that the results of the investigation constitute "lawyers' work product", and (2) that plaintiff has

1

failed to show good cause for the production of the documents.

 Where a party to the action claims privilege, as defendant does in this case, he has standing to claim relief under Rule 45(b) or Rule 30(b), as well as the witness. 5 Moore's Federal Practice § 45.05. It is unnecessary to decide in this case under what other circumstances a party may have such standing.

In view of the apparent conflict between statements made (a) by one of defendant's attorneys at a hearing on November 10, 1961, and (b) in defendant's answers to plaintiff's interrogatories, as to who employed the investigators, this court is unable to decide the question of privilege until the facts are more fully developed by deposition or otherwise.

 Plaintiff has not shown good cause for obtaining inspection of the documents. This court approves the following statement of Judge Kirkpatrick in North v. Lehigh Valley Transit Co., E.D.Pa., 10 F.R.D. 38, at 39:

"The normal method of obtaining inspection of a document is under Rule 34. Rules 26 and 45 afford a practical, and under proper conditions permissible, short-cut. This, however, is merely another, and often more convenient, method of accomplishing the same end and, regardless of the fact that those two rules do not contain the express limitation of Rule 34, they are, I think, necessarily subject to it. I cannot believe that the Supreme Court, having required good cause for production under Rule 34, intended that a party could become entitled, as a matter of right, to the production of the original of a document, without any showing of the propriety or necessity of such production, merely by adopting an alternative method. If a showing of good cause was considered a proper and reasonable limitation upon the right to a preview of the opposing party's papers and documents, it must have been intended to obtain, whatever process may be resorted to."

Plaintiff may take the depositions of the investigators. In deciding any questions which may arise as to the scope of the examination and whether good cause for obtaining inspection has been shown, this court will be guided by the principles stated in Buining v. The S. S. Transporter, D.Md., 171 F.Supp. 465, 466, and in Stone v. Marine Transport Lines, D.Md., 23 F.R.D. 222, 226 (headnotes 5, 6, ruling on Q. 17). See also Buining v. The S. S. Transporter, D.Md., 171 F.Supp. 127.

Counsel should be guided accordingly.