**CLAYTON BROKERAGE CO., INC. OF ST. LOUIS, Plaintiff,**

v.

**Edward CLEMENT, Defendant.**

**Civ. No. JH–79–2034.**

United States District Court, D. Maryland.

June 2, 1980.

Robert L. Cleveland, Jr., and Cleveland & Branham, P. C., Vienna, Va., for plaintiff.

Leonard R. Goldstein, College Park, Md., for defendant.

## MEMORANDUM AND ORDER

HOWARD, District Judge.

Pending before the Court is the plaintiff's motion for the release of copies of subpoenaed bank records. The Court has considered the motion and response thereto, and has determined that a hearing is not necessary for a decision on the motion. Local Rule 6.

The plaintiff in this action has subpoenaed certain financial records from the defendant's bank. The bank, apparently citing the Right to Financial Privacy Act of 1978 (12 U.S.C. §§ 3401 *et seq.*, "Financial Privacy Act"), has refused to supply the subpoenaed records to the plaintiff; the bank has delivered some of the records to the Court.[1] The defendant also contends that compliance with the subpoena is forbidden by 12 U.S.C. §§ 3401 *et seq.*; the defendant also asserts estoppel, the defendant's privacy rights, and relevance as bases for noncompliance.

▪ The Financial Privacy Act is an express limitation on the authority of government agencies to acquire records of an individual's financial transactions. The Act, however, provides no justification for a bank's noncompliance with a subpoena issued in a civil action. The legislative history of the Act clearly states its purpose as "strik[ing] a balance between customers' right of privacy and the need of law en-

1. The Court notes that the proper method for challenging the subpoena would have been the bank's motion to quash subpoena *duces tecum* under Fed.R.Civ.P. 45(b). For reasons known only to it, the bank has elected to fashion its own procedure and ignore the legally adequate process.

forcement agencies to obtain financial records pursuant to legitimate investigations." 1978 U.S.Code Cong. & Admin.News pp. 9273, 9305.

The Act was the congressional response to *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1975). In *Miller*, the Supreme Court held that financial records such as those sought here are not the bank customer's private papers; they are, rather, the business records of the bank. 425 U.S. at 440, 96 S.Ct. at 1622. Accordingly, the bank customer has *no inherent right* to assert either ownership, possession, or inferentially, control over the release of a bank's records of his transactions.

*Miller* was a criminal case and the Financial Privacy Act was a "legislative . . . effort to establish nonconstitutional protection against possible abuses [in the criminal investigative process]." 1978 U.S.Code Cong. & Admin.News p. 9306. The Act created standing for the customer of a financial institution "to contest Government access to financial records." *Id.* Nothing in the Act, however, shields the records of a bank customer's transactions from discovery in a civil suit.

The defendant also contends that disclosure of the bank's records would be violative of his privacy rights, and urges the Court to deny disclosure on public policy grounds. *Miller* is, of course, dispositive of this contention.

■ In *Miller*, the Supreme Court held that a bank customer has no "legitimate 'expectation of privacy'" in the contents of checks, deposit slips and other banking documents. 425 U.S. at 442, 96 S.Ct. at 1623. These records are not confidential communications but instruments of commercial transactions. As stated above, the docu-

ments sought here are the business records of the bank, and the issuance of a subpoena requiring the bank to produce *its* records is not violative of any cognizable privacy right of the defendant. *Cf. Donaldson v. United States*, 400 U.S. 517, 537, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971) (Douglas, J., concurring). The defendant has no standing to challenge the subpoena issued to the bank; *a fortiori*, he has failed to identify a personal right on which a challenge to the subpoena may be based.

■ The defendant also asserts the irrelevancy of the material as a basis for denying disclosure.[2] Fed.R.Civ.P. 26(b)(1) provides that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." By its terms, the rule embraces an expansive definition of relevancy inclusive of even unprivileged information which would be inadmissible at trial. It has been authoritatively stated that "[t]he scope of discovery has been made very broad and the restrictions imposed upon it are directed chiefly at the use of, rather than the acquisition of, the information discovered. 8 Wright & Miller, *Federal Practice and Procedure* : Civil § 2001 at 15.

Underscoring the inappropriateness of the defendant's relevancy objection is his lack of standing to challenge this subpoena to the bank. *See* 9 Wright & Miller, *Federal Practice and Procedure* : Civil § 2457 at 431 (absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty).[3]

■ Finally, the defendant insists the Court should not direct compliance with the subpoena because the defendant consented to disclosure of a portion of the bank's records in reliance on the plaintiff's state-

---

**2.** The plaintiff contends that Fed.R.Civ.P. 26(b)(3) mandates the release of the bank documents upon a showing of minimal relevancy. This contention is unsupported by a reading of Rule 26(b)(3); that rule is applicable only to trial preparation materials of an opposing party and requires a showing of "substantial need for the materials" and "undue hardship" in obtaining the substantial equivalent of the material by other means. As the defendant has not asserted the trial preparation materials privi-

lege, or any other, the plaintiff need not voluntarily assume the heavier burden of Fed.R. Civ.P. 26(b)(3).

**3.** The nonparty to whom the subpoena *duces tecum* is directed may challenge the subpoena on the limited grounds of unreasonability or oppressiveness. Fed.R.Civ.P. 45(b). Thus, relevancy is available to neither the bank nor the defendant as a basis for challenging the subpoena directed to the bank.

ment that only that portion was critical. The defendant's consent is of no consequence as he had no control over the release of the documents. The bank's delivery of only a portion of the subpoenaed information placed the plaintiff in a disadvantaged position to evaluate its need for all of the material sought. The Court notes again that the defendant lacks standing to raise an estoppel, or other, challenge to the subpoena.

Accordingly, it is this 2nd day of of June, 1980, by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiff's motion to release copies of subpoenaed bank records be, and the same hereby is, GRANTED; and

2. That Citizens Bank and Trust Company, through its authorized representative, shall comply with the subpoena *duces tecum.*