**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-6130
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN KEITH IDEMA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, Chief District Judge. (CR-93-2-BO)

_____

Argued: November 30, 2004          Decided: January 4, 2005

_____

Before WILKINS, Chief Judge, SHEDD, Circuit Judge, and Norman K. MOON, United States District Judge for the Western District of Virginia, sitting by designation.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ARGUED:** Clifford James Barnard, Boulder, Colorado, for Appellant. Barbara Dickerson Kocher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In 1994, a federal jury convicted Jonathan Keith Idema of fifty-nine counts of wire fraud. The district court sentenced Idema to four years imprisonment to be followed by three years of supervised release. The court also ordered Idema to pay a total of $200,000 in restitution to more than fifty victims of his fraud. Idema completed his term of imprisonment in September 1997 and his supervised release in September 2000. The government alleges that Idema has failed to make any restitution payments.

Beginning in September 2002, the government issued and served subpoenas on numerous individuals and entities allegedly associated with Idema to obtain information relating to his assets. Although the government designated the subpoenas as "civil" in nature, the subpoenas were filed in Idema's criminal case. In 2003, the government applied for writs of continuing garnishment in Idema's criminal case to recover restitution on behalf of the private victims of Idema's fraud. The district court issued the writs of garnishment, which were then served on several entities thought to have possession of Idema's assets.

Idema moved to quash the writs of garnishment and the subpoenas. Several recipients of the subpoenas joined in Idema's motion to quash the subpoenas. The district court denied both motions to quash, and Idema now appeals. For the reasons that follow, we affirm the district court's denial of the motion to quash

2

the writs of garnishment, and we dismiss for lack of standing Idema's appeal of the denial of the motion to quash the subpoenas.

## I.

Idema argues that the government may not seek to recover restitution in his underlying criminal case because the Victim and Witness Protection Act ("VWPA") divested the district court of jurisdiction over his criminal case by no later than the end of his supervised release in September 2000. Alternatively, Idema contends that the VWPA requires the government to file a separate civil action to recover restitution. In addition, he argues that the government is not permitted under the VWPA to seek recovery on behalf of private victims.[1] We disagree with these contentions.

## A.

Idema argues that the VWPA divested the district court of jurisdiction in his criminal case in September 2000 when he completed his term of supervised release. Thus, he contends the writs of garnishment and the subpoenas were improperly issued. Idema's reliance on the time limitation provisions in the VWPA is misplaced for two reasons.

---

[1]The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, was enacted in 1996 and made effective to cases in which the defendant's conviction became final on or after April 24, 1996. Idema's conviction became final in 1995, so the government has not sought to invoke the provisions of the MVRA in this case.

First, the VWPA provisions cited by Idema are not jurisdictional. The VWPA generally authorizes a district court to order restitution at sentencing. 18 U.S.C. § 3663(a)(1) (West 1995).[2] The court may require restitution to be paid within a specified period, in specified installments, or immediately. Id. § 3663(f)(1),(3). For the type of sentence imposed on Idema, if the court orders payment within a specified period or in installments, the end of the specified period or the last installment must be no later than five years after release from incarceration. Id. § 3663(f)(2)(B).[3] This restitution provision simply requires the district court to ensure, if it determines that restitution should not be paid immediately, that the final payment be scheduled for no later than five years after incarceration ends. This provision does not limit the district court's jurisdiction to enforce its restitution order if the defendant fails to comply with its order and the restitution remains unsatisfied five years after the defendant completes his term of imprisonment.

Second, the time limitations in the VWPA do not apply to this case because the district court ordered Idema to pay restitution

_____

[2]The VWPA has been amended since 1995. All references to § 3663 in this opinion are to the language in effect in 1995.

[3]Section 3663 has different deadlines for other types of sentences. For example, if probation is imposed, restitution payments cannot be scheduled to be paid after probation ends. 18 U.S.C. § 3663(f)(2)(A).

4

immediately. The time limitations in § 3663(f) apply only when the district court schedules payments over time or by installments.

Idema was sentenced by the district court to pay the full amount of restitution immediately on January 11, 1999.[4] The government claims that Idema has failed to comply with the court's order and that the restitution component of his sentence remains unsatisfied. The VWPA did not divest the district court of jurisdiction in Idema's criminal case to enforce its restitution order.

B.

Idema also argues that the VWPA requires the government to file a separate civil action to enforce a restitution order. In support of this argument, he cites the VWPA provision allowing the government to enforce a restitution order "in the same manner as a judgment in a civil action." 18 U.S.C. § 3663(h)(1)(B). We again find Idema's reliance on the VWPA misplaced.

The VWPA is a criminal statute. It authorizes the district court to impose restitution at sentencing and also provides that an "order of restitution may be enforced . . . by the United States .

---

[4]This is Idema's second appeal. In the first appeal, we affirmed Idema's conviction but remanded the case to the district court to make findings of fact regarding the order of restitution. United States v. Glosson, 83 F.3d 416 (4th Cir. 1996)(unpublished). On remand, after making the necessary findings of fact, the district court ordered Idema to pay restitution immediately.

. . in the same manner as a judgment in a civil action." Id. § 3663(h)(1)(B). Although this provision allows the government to pursue restitution by using the same practices and procedures that would be available in a civil action, it does not purport to require the filing of a separate civil action to enforce an existing criminal sentence. Idema has offered no principled basis -- and we have found none -- to prohibit the government from seeking to enforce this restitution order against him in the same criminal case in which it was originally imposed.

## C.

Idema next argues that the government is not allowed under the VWPA to seek recovery on behalf of private victims. We disagree.

The VWPA permits the district court at sentencing to order "that the defendant make restitution to any victim of [the defendant's] offense." 18 U.S.C. § 3663(a)(1). The Act further provides that an "order of restitution may be enforced . . . by the United States." Id. § 3663(h)(1). Thus, the VWPA authorizes the district court to award restitution to private victims, and it authorizes the government to take action to enforce a restitution order on behalf of private victims.[5]

---

[5]Idema also argues that the government is not authorized to recover restitution on behalf of private victims because the Federal Debt Collection Procedures Act ("FDCPA") allows the government to seek recovery only of a debt "owing to the United States." 28 U.S.C. § 3002 (3)(B). This argument lacks merit

6

D.

We hold that the district court properly asserted jurisdiction in Idema's criminal case to issue writs of garnishment and entertain other proceedings by the government seeking to enforce the court's restitution order.  Accordingly, we affirm the district court's denial of Idema's motion to quash the writs of garnishment obtained by the government in its attempt to enforce the restitution order on behalf of the private victims of Idema's fraud.


II.

Idema also appeals the district court's denial of his motion to quash several subpoenas issued by the government to individuals and entities allegedly associated with him.  Idema claims that the subpoenas do not comply with various requirements of the Federal Rules of Civil Procedure.

Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena. Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE

---

because it ignores the government's separate authority under the VWPA to enforce restitution orders on behalf of private victims. See 18 U.S.C. § 3663 (a),(h).  Moreover, the FDCPA specifically provides that it "shall not be construed to curtail or limit the right of the United States under any other Federal law."  28 U.S.C. § 3003(b).

AND PROCEDURE § 2459 (1995).  Idema has failed to make any showing that he has a personal right to, or privilege in, the information being sought in the subpoenas.  Thus, he lacks standing to contest whether the subpoenas were properly issued, and we dismiss this portion of his appeal.  See United States v. Phillips, 185 F.3d 183 (4th Cir. 1999)(dismissing appeal for lack of standing).

III.

We affirm the district court's denial of Idema's motion to quash the writs of garnishment.  We dismiss Idema's appeal of the district court's denial of his motion to quash the subpoenas.[6]

AFFIRMED IN PART AND DISMISSED IN PART

---

[6]We have also considered the other arguments raised on appeal by Idema and find them to be without merit.