### Patrick RICHARDSON, Plaintiff,

v.

### SEXUAL ASSAULT/SPOUSE ABUSE RESEARCH CENTER, INC., Defendants.

### No.  MJG–09–3404.

United States District Court, D. Maryland, Northern Division.

Oct. 28, 2010.

David R. Burroughs, Law Office of David R. Burroughs Esq., North East, MD, for Plaintiff.

Margaret Fonshell Ward, Ward and Herzog LLC, Baltimore, MD, for Defendant.

## MEMORANDUM AND ORDER

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses Defendants Sexual Assault/Spouse Abuse Research Center, Inc. ("SARC"), Luiza Caiazzo–Nutter, and Stephanie Powers's Motion to Quash Subpoenas, ECF No. 43; Plaintiff Patrick Richardson's Response to Defendants' Motion to Quash Subpoenas; ECF No. 44; Plaintiff's Supplemental and Updated Response to Defendants' Motion to Quash Subpoenas and Request for Oral Arguments, ECF No. 48; and Defendants' Reply in Support of Motion to Quash Subpoe-

1. This case has been referred to me by Judge Garbis to resolve discovery disputes and related scheduling matters. ECF No. 45.

The Local Rules do not provide for a supplemental response to a motion. See Loc. R.

nas, ECF No. 49.[1] I find that a hearing is unnecessary in this case. See Local Rule 105.6. For the reasons stated herein, Defendants' motion is GRANTED. This Memorandum and Order disposes of ECF Nos. 43, 44, and 48.

## I. BACKGROUND

Plaintiff filed his Complaint in this case alleging, as an individual and on behalf of his five children, intentional infliction of emotional distress, tortious interference in Plaintiff and his ex-wife Sheri Richardson's divorce proceedings, and gender discrimination in violation of the Fourteenth Amendment of the United States Constitution and Article 46 of the Maryland Constitution. Compl. ¶¶ 25–37, ECF No. 3. According to Defendants, Defendant SARC is "a non-profit organization that provides assistance to victims of domestic violence and their families through crisis intervention, medical referral, legal consultation, counseling and providing shelter," and it receives information from its clients "in the course of a confidential relationship." Defs.' Mot. 2. Defendant Caiazzo–Nutter is the Executive Director of SARC, and Defendant Powers is a SARC employee. Compl. 1. Plaintiff claims that Defendants discriminated based on gender by "providing assistance and services to his wife, Sheri Richardson," during the same period in which "SARC would not provide him with any help or assistance." Id. ¶¶ 19–20, 30. Plaintiff claims that "SARC and the named employees have continuously and wrongfully injected themselves into every aspect of the Plaintiff's and his wife's marital issues including advising Ms. Richardson and her divorce attorney regarding the Parties [' ] divorce trial." Id. ¶ 22.

In the five subpoenas at issue, Plaintiff sought information from William F. Riddle, Esq.; Kevin J. McCamant, Ph.D.; and each of the Defendants. Defs.' Mot. Ex. A, ECF No. 43–1. From the third parties—who have not filed a motion with the Court to quash or

105.2.a. Also, Defendants' Reply, due by September 30, 2010, see id., was not filed until October 17, 2010, in violation of Local Rule 105.2.a.

modify the subpoenas—, Plaintiff sought "[a]ny and all communications" that the third parties received from Powers or anyone else on behalf of SARC during a specific period. *Id.* From Defendants, Plaintiff sought "[a]ny and all records pertaining to Sheri Richardson," including those that Plaintiff previously sought in discovery. *Id.*

Defendants argue that the Violence Against Women Act ("VAWA"), 42 U.S.C. § 13925(b)(2); Md.Code Ann., Health–Gen. § 4–306; and Md. Regs. 07.06.04.10 and 10.58.03.08 prohibit SARC from disclosing confidential information. Defs.' Mot. 2–4. In their view, these provisions require them to "even maintain[ ] as confidential whether or not SARC is or has been providing services to any given individual." *Id.* at 4. Defendants also argue that "the requested records are neither relevant nor likely to lead to the discovery of relevant and admissible evidence." *Id.* at 5. Notably, Defendants did not assert that any of the documents were *privileged* until their late-filed reply, in which they argue that, with respect to the federal law claims, "there is an applicable federal privilege," noting that "the Supreme Court specifically recognized and accepted a psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)." Defs.' Reply at 1, 5. Defendants do not identify the elements of the psychotherapist-patient privilege or otherwise explain how it applies to the documents sought. As to the State law claims of tortious interference and intentional infliction of emotional distress, Defendants contend that State privilege law applies, without identifying an applicable State privilege. *See id.* at 6, 116 S.Ct. 1923. Defendants seek "an Order directing that no person or entity disclose or produce any documents that may identify in any way whether or not Sheri Richardson sought or was provided services by SARC or its staff members." Defs.' Mot. 6.

## II. DISCUSSION

Under Fed R. Civ. P. 45(c)(3)(A)(iii)-(iv), on a timely motion, "the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception of waiver applies," or if the subpoena "subjects a person to undue burden." Additionally, "[t]o protect a person subject to or affected by a subpoena," which may include a party even if the subpoena was not directed at that party, *see Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y.1967), the Court has the discretion to quash or modify a subpoena. Fed.R.Civ.P. 45(c)(3)(B). However, the circumstances to which Rule 45(c)(3)(B) pertains are not relevant here. *See* Fed.R.Civ.P. 45(c)(3)(B) (pertaining to trade secrets and "other confidential research, development, or commercial information"; unretained experts' opinions; and nonparties who would have to "incur substantial expense to travel more than 100 miles to attend trial").

With regard to the subpoenas served on Defendants, I note that Plaintiff previously served document requests pursuant to Rule 34, seeking some, if not all, of the documents he now seeks through subpoena. *See* Pl.'s Resp. 1–2. "Rule 34 governs the discovery of documents in the possession or control of the parties." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996) (emphasis removed); *see* Fed.R.Civ.P. 34(a) ("A party may serve on any other party a request ... to produce [documents or tangible things] in the responding party's possession, custody, or control."). Plaintiff states that, after Defendants objected to his discovery requests, he served the subpoenas "to expedite and resolve the discovery dispute." Pl.'s Resp. 2. However, as recently noted in *Mezu v. Morgan State University*, No. WMN–09–2855, 2010 WL 4183680, at *14 (D.Md. Oct.22, 2010), "[c]ourts are divided as to whether Rule 45 subpoenas should be served on parties." *Compare Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996) ("discovery of documents from a party ... is not accomplished pursuant to Rule 45.... Rule 34 governs the discovery of documents in the possession or control of the parties") *with Mortg. Info. Servs. v. Kitchens*, 210 F.R.D. 562, 564–65 (W.D.N.C.2002) (holding that a Rule 45 subpoena may be served on a party).

More fundamentally, regardless whether a subpoena may be served on a

party, a subpoena is not a proper means for obtaining documents previously sought through a Rule 34 production request, after the adverse party objected to the request. *See Mezu,* 2010 WL 4183680, at *14; *Joiner v. Choicepoint Servs., Inc.,* Civ. No. 1:05CV321, 2006 WL 2669370, at *5 (W.D.N.C. Sept.15, 2006) (stating that when a party objects to a Fed.R.Civ.P. 34 request for production of documents, then "the proper method for [the requesting party] to obtain those documents would be a motion to compel," as opposed to a subpoena *duces tecum*). If the parties are unable to resolve a dispute as to the documents to be produced in response to a Rule 34 document production request, the appropriate means for the requesting party to address the adverse party's failure to produce documents is through a motion to compel, after having met and conferred with the other party in a good faith effort to resolve the dispute without the court's intervention. Fed.R.Civ.P. 37(a)(1); Loc. R. 104.7 & 104.8. Instead, Plaintiff attempted to use a subpoena, which is an order of the Court compliance with which if not quashed by the Court, is punishable by contempt, in circumstances where it was improper to do so because Defendants had objected to producing them under Rule 34, and Plaintiff had not moved to compel their production. By doing so, he circumvented the obligation to meet and confer with Defen-

dants to try to resolve the dispute over document production without the need to involve the Court. *See* Fed.R.Civ.P. 37(a)(1).

Moreover, in these subpoenas, as well as in the subpoenas served on the third parties,[2] Plaintiff made conspicuously overbroad demands for documents after having been put on notice by Defendants' objections to his Rule 34 requests that Defendants objected to their discovery for a variety of reasons, including confidentiality and privilege. In such circumstances, it is questionable whether Plaintiff's counsel complied with his Rule 26(g)(1)(B)(ii) obligations to certify that the subpoenas were not served "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." What he should have done is (a) met and conferred with defense counsel to attempt to discuss whether he could narrow his request to seek documents that Defendants did not contend were outside the scope of discovery, and if unsuccessful in negotiating a resolution, (b) filed a motion to compel production with the Court. That Plaintiff's counsel simply filed a subpoena without first having attempted to negotiate a resolution or sought a Court order raises concern that the issuance of the subpoenas was for an improper purpose.

For this reason, the Defendants' Motion to Quash is GRANTED. Counsel are ordered

---

**2.** As to the subpoenas served on William F. Riddle, Esq., and Kevin J. McCamant, Ph.D., this Court is satisfied that Defendants have standing to challenge the subpoenas. Although Fed. R.Civ.P. 45(c)(2)(B) provides for "[a] person commanded to produce documents or tangible things"—not a party—to "serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials," and it is well established that "[o]rdinarily, a party does not have standing to challenge a subpoena issued to a non-party," an exception exists. *United States v. Idema,* 118 Fed.Appx. 740 (4th Cir. Jan.4, 2005); *see Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979) (same); *Covad Commc'ns Co. v. Revonet, Inc.,* No. 09–MC–102, 2009 WL 3739278, at *3 (D.S.D. Nov.4, 2009) (same); *Clayton Brokerage Co. v. Clement,* 87 F.R.D. 569, 571 (D.Md.1980) (same); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (3d ed.2008) (same). A party has standing to challenge a subpoena served on a third party if "the party claims some personal right or privilege in the information sought by

the subpoena." *Idema,* 118 Fed.Appx. 740; *see Brown,* 595 F.2d at 967 (same); *Covad Commc'ns Co.,* 2009 WL 3739278, at *3 (same); *Clayton Brokerage Co.,* 87 F.R.D. at 571 (same); *Norris Mfg. Co. v. R.E. Darling Co.,* 29 F.R.D. 1, 2 (D.Md.1961); 9A Wright & Miller, *supra,* § 2459 (same). Here, Defendants claim that Plaintiff seeks documents that contain confidential communications. Defs.' Mot. 2–4. Defendants did not assert privilege until their reply. Defs.' Reply 1, 4–6. Although this Court is not required to consider (and generally does not consider) assertions made for the first time in a reply brief, it may consider such arguments " 'in appropriate circumstances.' " *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC,* 708 F.Supp.2d 527, 535 (D.Md.2010) (quoting *Clawson v. FedEx Ground Package Sys.,* 451 F.Supp.2d 731, 734 (D.Md.2006)). Here, it is clear that Defendants muddled the line between confidentiality and privilege, as discussed *infra,* and therefore, their initial claims of confidentiality and later assertion of privilege are sufficient for them to have standing to challenge the subpoenas.

to meet and confer in person within twenty-one (21) days to discuss the dispute over the documents Plaintiff sought in his Rule 34 request and again in his subpoenas. When they meet, counsel are advised that they have an affirmative duty to cooperate to see whether they are able to resolve this dispute without Court involvement. *See* Fed. R.Civ.P. 37(a)(1) & 5(A) (requiring parties to make a good faith effort to resolve issues without involving the court); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357–58 (D.Md.2008) ("[T]he 'spirit and purposes' of these discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot 'behave responsively' during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation"); Loc. R. 104.7 (requiring party to meet and confer with the other party (or make a sincere effort to confer, even if the other party will not cooperate) and make "sincere attempts to resolve the differences between them"); Discovery Guidelines for the United States District Court for the District of Maryland, Discovery Guideline 1.a ("Discovery Guideline"), D. Md. Loc. R.App. A (Dec. 1, 2009), http://www.mdd.uscourts. gov/localrules/localrulesfinaljuly2010.pdf ("The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives. Counsel have a duty to confer early and throughout the case as needed to ensure that discovery is planned and conducted consistent with these requirements and, where necessary, make adjustments and modifications in discovery as needed."); *see also Kemp v. Harris*, 263 F.R.D. 293, 297 (2009) (stating that parties could have avoided dispute through cooperation).

In addition, when counsel meet as ordered, Defendants are obligated to particularize the basis for any privilege claims they raise with respect to the documents Plaintiff seeks. *See* Fed.R.Civ.P. 26(b)(5)(A). In this regard, although I have quashed the subpoenas because of the inappropriate actions of Plaintiff,

I note that, on the record before me, Defendants have not shown why the allegedly confidential nature of some of the documents sought should preclude their discovery completely, as opposed to the documents being discoverable, subject to an adequate protective order.

Defendants should understand that " 'concern for protecting confidentiality does not equate to privilege.' " *Spacecon Speciality Contractors, LLC v. Bensinger*, No. 09–cv–02080–REB–KLM, 2010 WL 3927783, at *4 (D.Colo. Oct.1, 2010) (citation omitted); *Cadmus Commc'ns Corp. v. Goldman*, No. 3:05CV257, 2006 WL 3359491, at *3 (W.D.N.C. Nov. 17, 2006) (same). This distinction is critical because Fed.R.Civ.P. 26(b)(1) excludes privileged information from the scope of discovery, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), but does not preclude from discovery information that is confidential, but not privileged. *See Spacecon*, 2010 WL 3927783, at *5. Put another way, the mere fact that a statute may provide that certain documents are to be treated as confidential does not automatically establish an evidentiary privilege that completely precludes them from being discovered. *See Cadmus Commc'ns*, 2006 WL 3359491, at *3 (" 'documents are not shielded from discovery merely because they are confidential' ") (citation omitted). Thus, "even if the information requested by Defendant is confidential, it nevertheless may be within the scope of permissible discovery pursuant to Fed. R.Civ.P. 26(b)(1)." *Id.* Documents that are not privileged, but that are confidential, are more appropriately produced subject to a protective order. *See* Fed.R.Civ.P. 26(b); *Virmani v. Novant Health Inc.*, 259 F.3d 284, 288 n. 4 (4th Cir.2001) ("There is an important distinction between privilege and protection of documents, the former operating to shield the documents from production in the first instance, with the latter operating to preserve confidentiality when produced. An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case."); *cf. Minter v. Wells Fargo Bank, N.A.*, 675 F.Supp.2d

591, 597 (D.Md.2009) (noting that "the protective order already in place in this case is adequate to protect any confidential information produced").

To assert a privilege properly with regard to documents that are purported to be not just confidential but privileged, a party must begin with Fed.R.Evid. 501. Rule 501 provides that, for claims and defenses for which federal law applies, federal common law governs privilege, unless the Constitution, federal statutory law, or the Federal Rules provide otherwise. Conversely, when State law "supplies the rule of decision" for an element of a claim or defense, the privilege "shall be determined in accordance with State law." Fed.R.Evid. 501. The challenge arises when, as here, both federal and state substantive laws apply (e.g., because the case poses a federal question and presents supplemental state law claims) and, as may be the case here, federal and state privilege laws differ. *See Cont'l Cas. Co. v. Under Armour, Inc.,* 537 F.Supp.2d 761, 767 n. 3 (D.Md.2008). Under these circumstances, "Rule 501 would seem to require that federal privilege law control the federal claims, and state privilege law control the supplemental state law claims." *Id.* Yet, "the majority of courts have held that federal privilege trumps state law," and applies to all claims, "because were it otherwise, the jury would be faced with a hopelessly confusing task." *Id.* (collecting cases).

After determining whether State or federal privilege law applies, Defendants have the burden of establishing the existence of a recognized evidentiary privilege. *See* Fed. R.Civ.P. 26(b)(5)(A); *Vellone v. First Union Brokerage Servs.,* 203 F.R.D. 231, 235 (D.Md. 2001). Rule 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged ..., the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected,

will enable other parties to assess the claim.

Fed.R.Civ.P. 26(b)(5)(A). Thus, generalized claims of privilege are insufficient. The required specificity can be accomplished by providing a privilege log that "identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 264 (D.Md.2008); *see* Discovery Guideline 10.d.ii.b. Further, Defendants must identify the elements of the applicable privilege and demonstrate that each element is present for each document for which they claim the existence of a privilege. *See* Fed. R.Civ.P. 26(b)(5)(A)(i).

If, after the parties meet and confer, a dispute still exists regarding the discoverability of the documents sought by Plaintiff, Counsel will schedule a teleconference with the Court to discuss how this dispute should be resolved.